# THE WIGGINS FERRY COMPANY

## *v.*

# GEORGE W. BLAKEMAN.

1. SPECIAL PLEA—*amounting to general issue.* It is proper to sustain a demurrer to a special plea which amounts only to the general issue.

2. EVIDENCE *under the general issue.* In an action on the case against the owners of a ferry boat, to recover for injuries alleged to have been received by the plaintiff while on such boat, by reason of the negligence and unfitness of the defendants' servants thereon, it was *held*, to be competent for the defendants to prove, under the general issue, that at the time of the alleged injury the plaintiff was an employee of the defendants on such boat, and any injury he received was by reason of his own negligence as well as that of his fellow-servants in that employment.

3. The defendants could also prove, under the general issue, that the plaintiff was their servant on the boat at the time he was injured, and that neither the defendants nor their servants were guilty of gross negligence in respect thereto.

4. Also, it was allowable for the defendants to prove, under the general issue, that the plaintiff was an employee of the defendants on such boat at the time he received the injuries complained of, and well knowing the habits and capacity of his fellow-servants, never gave any notice thereof to the defendants.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action on the case, by Blakeman, against the Wiggins Ferry Company, to recover damages for an alleged injury received by the plaintiff while on the defendants' boat, such injury, it was claimed, being occasioned by the negligence and want of skill on the part of defendants' servants engaged in the management of said boat.

Defendants pleaded: 1, the general issue; 2, that at the time, when, etc., plaintiff was an employee of defendants on said ferry boat, and the said supposed injury or damage was occasioned by his own negligence as well as of his fellow-servants in said employment, etc.; 3, that at the said time,

when, etc. said plaintiff was an employee of said defendants on said boat, and said plaintiff was then and there injured without any gross carelessness of said defendants or their servants, etc.; 4, that at the said time, when, etc. plaintiff was an employee of defendants, and well knew the character, habits and capacity of his fellow-employees on said boat, and never before the time when, etc. gave notice to said defendants, etc.; 5, that before and at the said time, when, etc. said plaintiff was an employee of said defendants on said boat, and then and there well knew the character, incapacity, negligence, awkwardness and unskillfulness of the said agents and employees of said defendants in said declaration mentioned, and never before the said time, etc. informed, or caused to be informed, the defendants thereof, and the said defendants had no notice thereof, etc. Plaintiff demurred specially to said special pleas, because they were equivalent to the general issue, etc. and the court sustained the demurrer.

Mr. William H. Underwood, for the appellants.

Mr. Charles W. Thomas, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an action on the case, brought by George W. Blakeman, against the Wiggins Ferry Company, and tried by a jury, and a verdict rendered for $500 damages, and judgment accordingly.

The defendants bring the record here by appeal, and assign as error the refusal of the court to grant a new trial, and in sustaining demurrer to defendants' special pleas.

Upon the last point, the demurrer was properly sustained, as those pleas, and each of them, amounted only to the general issue, and the defendants gave in evidence, under that plea, all the material facts alleged in the special pleas.

The motion for a new trial should have been allowed.  We have examined the record with great care, and can not find any evidence going to sustain the allegations in the declaration.   The record is barren of evidence.   The verdict should have been set aside on defendants' motion, and a new trial granted.   To refuse it was error, and for the error the judgment must be reversed and the cause remanded.

*Judgment reversed.*