# CASES

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—MAY TERM, 1879.

ILLINOIS CENTRAL RAILROAD COMPANY

V.

CHARLES A. PHELPS.

1. AMENDMENTS—STATUTE OF LIMITATIONS.—Courts will allow liberal amendments for the purpose of avoiding the running of the Statute of Limitations ; but such amendments must be confined to re-stating the cause of action in the pending suit, and can never be allowed for the purpose of introducing a wholly new and different cause of action.

2 DIFFERENT CAUSE OF ACTION.—A count for a failure by a common carrier to perform a common law duty—that of refusing to receive goods for shipment—and a count against a common carrier for failing or refusing to carry goods safely, state causes of action wholly different, both in law and in fact.

3 RAILROAD UNDER CONTROL OF GOVERNMENT.—Where a railroad is under the military control of the general government and operated by its officers, the company is not in the free use of its franchise, and its duty to the public to receive and transport freight is, for the time being suspended, and it is not liable for refusing to receive freight, so long as it is not in control of its road.

4 FREIGHT INTENDED FOR USE OF GOVERNMENT.—It appears that appellant's road was under the military control of the government at the time the freight in question was offered for shipment, and that the officers of the company were ordered to carry no freight, unless orders therefor were given by the proper officers of the army ; this being the case, the fact that the freight

(238)

in question had been sold to the government for its use, did not authorize appellant to receive the same for shipment unless ordered so to do by the proper governmental officers.

5. NO RECOVERY ON A CONTRACT IN THIS ACTION.—Even if it be conceded that what passed between appellant's officers and appellee in 1865 can be considered as a contract to carry the freight, appellee cannot recover in this action, because the suit is not brought on a contract but in tort for a failure to perform a common law duty. Had appellant received the goods and given bills of lading therefor, it may then have become liable as an insurer for failure to deliver safely, but no such contract is shown in this case.

6. WHEN ACTION MAY BE ON CONTRACT.—Where a duty exists by law and the party contracts for its performance, suit may be brought upon the contract, or in case, for the non-performance of the duty imposed by law; but where the law imposes no duty, or the party is for the time relieved from its performance, and he contracts to do what the law does not require him to do independent of the contract, the only remedy is upon the contract.

7. ESTOPPEL.—An admission which will estop one from asserting the truth because it will operate as a fraud, must be in reference to the existence or non-existence of some material fact.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed September 9, 1879.

Messrs. WILLIAMS, BURR & CAPEN, for appellant; that if a common carrier is compelled by law to give preference to any one, such compulsion deprives it of ability to receive as a common carrier, cited Angell on Carriers, § 68; Story on Bailments, § 495; Dwight v. Brewster, 1 Pick. 50; Bouv. Law Dic., title "Common Carrier;" 2 Redfield on Railways, 3.

A common carrier is not bound to provide for an unseen emergency or an unexpected accumulation of freight: G. & C. N. R. R. Co. v. Rae, 18 Ill. 488; Wibert v. N. Y. & E. R. R. Co. 2 Kern. 245; Conger v. H. R. R. R. Co. 6 Duer, 375; 2 Redfield on Railways, 163; Story on Bailments, § 591.

If the State takes control of the means of transportation of the carrier, he ceases to be a common carrier so long as such coercion continues : Bliven v. H. R. R. R. Co. 35 Barb. 188; Hadley v. Clark, 8 T. Rep. 259; Angell on Carriers, § 293.

At the time of the grievances complained of, appellant was not a common carrier: Ill. Cent. R. R. Co. v. Ashmead, 58 Ill. 487; Ill. Cent. R. R. Co. v. McClellan, 64 Ill. 147; Ill. Cent.

R. R. Co. Cobb, 64 Ill. 147; Ill. Cent. R. R. Co. v. Cobb, 72 Ill. 148; Ill. Cent. R. R. Co. v. Hornberger, 77 Ill. 457.

The road of appellant is a military highway under the control of the general government: U. S. Stat. at Large, 466; 2 Purple's Stat. 1362; 2 Redfield on Railways, 653.

A carrier is bound to receive only as he professes to carry: Johnson v. Midland R'y Co. 4 Exch. 367; 2 Redfield on Railways, 116.

It is not responsible for delay occasioned by fault of a third party: Conger v. H. R. R. R. Co. 6 Duer, 375.

A contract to convey at some future time does not establish a common law duty, and the remedy for breach of such contract is upon the contract: Ill. Cent. R. R. Co. v. Smyser, 38 Ill. 355 ; Cooley on Torts, 640; Reed v. P. W. & B. R. R. Co. 3 Houst. 176; Wright v. Geer, 6 Vt. 151; Merriam v. H. & N. H. R. R. Co. 20 Conn. 354; Blanchard v. Isaacs, 3 Barb. 388; Tower v. U. & S. R. R. Co. 7 Hill, 47; 2 Black. Com. 451; Williams v. Peytavin, 4 Mort. 304; McHenry v. P. W. & B. R. R. Co. 4 Harring. 448.

Where the cause of action is upon a contract, case will not lie: Hollister v. Nowlen, 19 Wend. 234; Thurman v. Wells, 18 Barb. 500; McDermott v. M. C. & B. Co. 38 N. J. L. 53.

Under the contract as claimed in this case, only the relation of private carrier was created: Fish v. Clark, 49 N. Y. 122; 2 Redfield on Railways, 1; Story on Contracts, § 752.

Allegations and proof must correspond: C. & A. R. R. Co. v. Michie, 83 Ill. 427; Moss v. Johnson, 22 Ill. 633; Crittenden v. French, 21 Ill. 600; C. B. & Q. R. R. Co. v. Chamberlain, 84 Ill. 333.

If a recovery is sought by reason of a contract, such contract must be pleaded: Frink v. Potter, 17 Ill. 405; Am. Ex. Co. v. Pinckney, 29 Ill. 392; J. M. & I. R. R. Co. v. Worland, 50 Ind. 339; N. O. J. & G. N. R. R. Co. v. Pressley, 45 Miss. 66; 1 Chitty Pl. 384; 3 Starkie's Ev. 1548; Angell on Carriers, § 440; 2 Greenleaf's Ev. 208; 1 Sanders' Pl. 692; Olinger v. McChesney, 7 Leigh, 660; Butler v. Livermore, 52 Barb. 570; Mann v. Birchard, 40 Vt. 326; Wright v. Geer, 6 Vt. 457; Vail v. Strong, 10 Vt. 457; Graves v. Severens, 40 Vt.

636; I. & C. R. R. Co. v. Remmy, 13 Ind. 518; Thurman v. Wells, 18 Barb. 500; Kimball v. R. &. B. R. R. Co. 26 Vt. 247; L. S. & M. S. R. R. Co. v. Perkins, 25 Mich. 329; McDermott v. M. C. & B. Co. 38 N. J. L. 53; L. S. & M. S. R. R. Co. v. McDonough, 21 Mich. 165; Weall v. King, 12 East, 452; Max v. Roberts, 12 East, 89; Ireland v. Johnson, 1 Bing. 162; Burnett v. Lynch, 5 Barn. & C. 589; P. W. & B. R R. Co. v. Constable, 39 Md. 149; Austin v. Manchester, 5 E. L. & E. 329; Cabell v. Vaughan, 1 Wm. Saund. 291; Walcott v. Canfield, 3 Conn. 194; Pollard v. Thomason, 5 Humph. 56; Hewison v. New Haven, 44 Conn. 136; Masters v. Stratton, 7 Hill, 101; Wilbur v. Brown, 3 Denio, 356; Weed v. S. & S. R. R. Co. 19 Wend. 534.

A cause of action barred by the Statute of Limitations cannot be revived by amendments changing the cause of action: Ill. Cent. R. R. Co. v. Cobb, 64 Ill. 128.

It is error to give contradictory instructions: Quinn v. Donavan, 86 Ill. 194; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. B. & Q. R. R. Co. v. Payne, 49 Ill. 499.

The measure of damages is compensation, and the party sustaining damages must use reasonable diligence to make them as light as possible: Warner v. Ostrander, 44 Ill. 356; King v. Gilson, 32 Ill. 348; Bridgman v. Steamboat Emily, 18 Iowa, 512; Mather v. Butler, 28 Iowa, 259; Winne v. I. C. R. R. Co. 31 Iowa, 584; Gilbert v. Wiman, 1 Comst. 550; Douglas v. Clarke, 14 Johns. 177; Aberdeen v. Blackman, 6 Hill, 324; Loker v. Damon, 17 Pick. 288; Miller v. Mariners, 7 Greenl'f, 56; Angell on Carriers, §490.

If the consignee does not promptly receive the goods consigned, the carrier should store them ; it then becomes liable only as warehouseman : 1 Redfield on Railways, 52 ; Angell on Carriers, § 502; Porter v. C. & R. I. R. R. Co. 20 Ill. 407; C. & A. R. R. Co. v. Scott, 42 Ill. 132; Crawford v. Clark, 15 Ill. 561; Ostrander v. Brown, 15 Johns. 39; Hemphill v. Chenie, 6 W. & S. 62; G. W. R'y Co. v. Crouch, 3 H. & N. 182; Thomas v. B. & P. R'y Co. 10 Met. 472.

Mr. Lawrence Weldon and Mr. Hamilton Spencer, for

appellee; as to amendments, cited King v. Avery, 37 Ala. 173; Woodward v. Ware, 37 Me. 564; Holmes v. Moreland, 7 Pet. 171; Skonegan Bank v. Cutler, 49 Me. 315.

The railroad company by its conduct held itself out to the world as a common carrier, and should now be estopped from setting up a condition of affairs which was not disclosed to the plaintiff: Pickard v. Sears, 6 Ad. & E. 469; Hefner v. Vandolah, 57, Ill. 520: People v. Brown, 67 Ill. 435; Kinnear v. Mackey, 85 Ill. 98; Hill v. Eply, 31 Pa. 334; Anderson v. Armstead, 69 Ill. 452; Bigelow on Estoppel, 468; Thayer v. Meeker, 86 Ill. 471; Peoria M. & F. Ins. Co. v. Whitehill, 25 Ill. 466.

A railroad company may recognize its liabilities as a common carrier by a verbal agreement as well as by a bill of lading: Baker v. M. S. & N. I. R. R. Co. 42 Ill. 73.

A common carrier can give no preference to one shipper over another: G. W. R'y Co. v. Burns, 60 Ill. 284.

HIGBEE, J. This was an action on the case, commenced on the ninth day of February, 1870, by appellee against appellant as a common carrier of goods from Bloomington and Heyworth to Cairo, for refusing to receive and carry corn tendered by appellee to appellant in February, March and April, 1865. The original declaration contained six counts. The first two counts aver the tender of corn at Bloomington to be carried to Cairo, and that it was the duty of defendant, as a common carrier, to receive and safely carry the same. The breaches assigned are that defendant did not, nor would it, receive and carry the corn.

The third count avers that defendant had a side track and stations at Bloomington, on which it was accustomed to place cars for parties desiring to ship property, and that it was its duty so to place them when notified; that plaintiff so notified and requested defendant, but it neglected and refused to place cars on said track to be loaded with corn by plaintiff.

The fourth, fifth and six counts are like the first, second and third, respectively, except they substitute Heyworth in the place of Bloomington. This declaration was filed August 17, 1870,

and to it defendant pleaded the general issue and the Statute of Limitations, that the cause of action did not accrue within five years before the commencement of the suit.

On the 13th day of March, 1871, plaintiff having on the 10th day of that month obtained leave of court for that purpose, filed two additional counts to his declaration.

The first of these counts avers that defendant received at Heyworth from plaintiff, corn to be carried to Cairo, which it was its duty to carry and safely deliver; the breach is, that it did not carry and transport the corn to its place of destination within a reasonable time.

The second count avers that defendant received and permitted to be loaded upon its cars at Heyworth the corn of plaintiff, to be carried to Cairo, and that it was defendant's duty so to carry it and safely deliver it to plaintiff at Cairo, which it neglected and refused to do, but permitted it to remain at Heyworth until it was spoiled.

To the additional counts, defendants below pleaded the general issue, and that the causes of action stated were other and different from the causes of action declared on in the original declaration, and that the same did not accrue within five years before filing, or having leave to file, the said additional counts.

To the latter pleas (the Statute of Limitations) plaintiff demurred, and the court sustained the demurrer, and defendant stood by its pleas.

Courts will allow liberal amendments for the purpose of avoiding the running of the Statute of Limitations. These amendments must, however, be confined to re-stating the cause of action in the pending suit, and can never be allowed for the purpose of introducing a wholly new and different cause of action.

The causes of action declared on in the original declaration were for a failure to perform a common law duty by a common carrier : that of receiving goods offered for shipment. The causes of action stated in the additional counts, were for failing or refusing to carry, and safely deliver goods, which defendant had received as a common carrier.

These causes of action are wholly different, both in law and in fact.

The circumstances which would justify a common carrier in refusing to receive goods offered for shipment, would constitute no defense to an action for failing to carry and deliver to the consignee goods received for that purpose. In the latter case the relation of shipper and common carrier is created, the common carrier becomes an insurer for the delivery of the goods, from which it can only be excused by the act of God or the public enemy. The evidence admitted on the hearing of the cause, shows that the causes of action described in the additional counts accrued more than five years before these counts were filed, and, we think, they were barred by the Statute of Limitations.

As a defense to the counts in the original declaration, appellant, by consent of parties, offered in evidence the testimony in the printed abstracts in the following cases in the Supreme Court of this State. I. C. R. R. Co. v. Cobb, Christy & Co.; Cobb, Christy & Co. v. I. C. R. R. Co.; I. C. R. R. Co. v. Cobb, Blaisdell & Co.; I. C. R. R. Co. v. Robert A. McClellan; I. C. R. R. Co. v. Wm. Ashmead; I. C. R. R. Co. v. Bacon & Co.; I. C. R. R. Co. v. John C. Hornberger; I. C. R. R. Co. v. Holder & Co.

This testimony has been so fully reviewed by the Supreme Court in some of the cases passed upon, and to be found in the published reports of decisions of that court, that we deem it unnecessary to discuss it in detail. We have, however, examined it carefully, and think it abundantly shows that in the months of January, February and March, 1865, at the time appellee offered the grain for shipment, the Illinois Central Railroad was under the military control of the Government of the United States, and that the road was operated by its officers under the direction and control of the officers of the army in the transportation of troops, munitions of war and supplies in the suppression of the rebellion.

And we understand the Supreme Court as holding in the cases of I. C. R. R. Co. v. Hornberger, 77 Ill. 457; The Ill. Central R. R. Co. v. Ashmead, 54 Ill. 72, and I. C. R. R. Co. v. Cobb et al. 64 Ill. 128, that the company not being in the free and unrestricted use of its franchise, its duty to the public

to receive and transport freight was for the time being sus-
pended, and that it could not be held liable for refusing to
receive freight so long as it was not in control of its road.

But appellee insists that his corn had been sold for the use
of the government, and was to be shipped to the quartermas-
ter at Cairo, and therefore that the company was bound to
receive it *pro rata* with other government supplies.

The proof tends to show that government supplies were
shipped only on the orders of the government officers, and
appellee at no time presented or pretended to have such an
order. General Grant, then in command of the district em-
bracing this road, caused to be issued on the 24th day of
December, 1863, this order : " The quartermaster's depart-
ment will have control of military railroads so far as relates
to the transportation of military freight and military passen-
gers, with power to exclude such other freight and passen-
gers as may be deemed necessary."

On the 24th day of January, 1865, the chief quartermaster
at St. Louis sent to Mr. Forsythe, the general freight agent of
the Illinois Central Railroad, this order:

" It is definitely fixed, that for the present, all orders for cars
on your road must emanate from Gen. Allen or myself. Should
you, however, receive other orders, please notify the officers
issuing them, that you cannot obey them, and send copies to
this office."

The record contains a very large number of special orders
from military officers to the superintendent of the road, to
furnish cars for particular lots of grain and other supplies,
purchased for the use of the government, and Mr. Forsythe,
the freight agent of the road, testifies that he acted upon
requisitions issued to him by the military officers, and that
the cars were distributed according to these requisitions. He
also testifies that " during the years 1864 and 1865, we received
no freight for Cairo only by special order from government."

If appellee desired the shipment of his corn for the use of
the government, he should have applied to the military authori-
ties then controlling the road in the shipment of military sup-
plies, and procured an order to the superintendent of the
road for that purpose.

It does not appear that the road had any authority to ship his grain without such an order, and he is in no position to complain of unjust discrimination against him in not shipping military supplies for him in violation of the orders of the military authorities then controlling the operations of the road. The company was under the *vis major* of the federal government, and it was not responsible as a common carrier while so acting.

Appellee also claims that he is entitled to recover, because of a contract made with him by Forsythe, the general freight agent of the road, in February, 1865, to furnish cars within a reasonable time thereafter to carry his corn from Bloomington and Heyworth to Cairo. Even if what was said by Forsythe at Chicago to appellee and Lewis, his agent, amounted to a contract on the part of the road to receive the corn and carry it to Cairo, we do not see how it can aid him in this suit.

The suit is not brought on a contract, but in tort, for a failure to perform a common law duty. Where the duty exists by law and the party contracts for its performance, suit may be brought either upon the contract or in case for the non-performance of the duty imposed by law. But where the law imposes no duty, or as in this case, the party is for the time being relieved from its performance, and he contracts to do what the law does not require him to do independent of the contract, the only remedy is upon the contract. In such cases, it is the contract which creates the right sought to be enforced, and not the non-performance of a duty imposed by law.

It is argued by appellee's attorney that by this contract the company recognized the relation and duty of a common carrier, and is estopped from denying its duty when sued in this form of action, and the cases of I. C. R. R. Co. v. McClellan, 54 Ill. 58, and I. C. R. R. Co. v. Cobb, Christy & Co., 64 Ill. 128, are referred to as sustaining this view. We do not think these cases sustain this position. In each of the cases referred to the road had received the goods and issued bills of lading therefor, by which it agreed to deliver the goods to the consignee at Cairo. The suits were in case, for not delivering the goods and for not delivering within a reasonable time.

The defense was that the road was under the control of the military authorities.

The Court held that the road having received the goods for shipment and given bills of lading therefor, the relation of shipper and common carrier existed ; that it was an insurer for their safe delivery, and that nothing but the act of God or the public enemy could excuse it from the performance of the duty assumed.

In the Cobb, Christy & Co. case, the following language is used by the Court :

"The road was so far under govermental control that the company could not be held liable for refusing freights when it would not be safe to undertake their carriage, or for discriminating in consequence of military orders, and on this principle we decided the Ashmead case.    58 Ill. 487..

"But when it thought proper to receive freights and issue its bills of lading therefor, it acted as a common carrier, and cannot escape the liability attaching to that function."

In the case at bar, the road did not enter upon the duties of a common carrier.    The most that can be claimed is that by a verbal executory agreement it contracted to furnish cars, receive and ship the grain at a time then in the future.    This contract was never performed, and the law is well settled that to recover damages for the breach of an executory contract, it must be specially declared on.    In a suit upon the contract it may be that the defendant would not be permitted to avoid its obligations by showing that it was not a common carrier, or that its road was under military control ; but we do not see how the existence of such a contract could operate to change the remedy given by law.

An admission which will estop one from asserting the truth, because it will operate as a fraud, must be in reference to the existence or non-existence of some material fact.

The facts established by the admission, and which estop a party from denying them, are treated, on the hearing, as absolutely true in determining the rights of the parties ; but they have no reference to, nor do they in any manner affect the practice of the court, or the remedies given by law for the redress

of private injuries. The question of the form of action was not passed upon or alluded to by the court in the case referred to by appellee, and if it had been, we do not think it applicable to the state of facts now before this court.

The judgment is reversed.

Judgment reversed.