FRANK COLES & CO.

v.

THE LOUISVILLE, EVANSVILLE & ST. LOUIS RAILROAD COMPANY.

*Railroads—Negligence—Carriage of Live Stock—Delay—Special Contract.*

1. A carrier is bound to exercise reasonable diligence in the carriage of live stock, and failing to do so, is liable for damages arising from such failure.

2. While, where stock is shipped under a special contract, and damage takes place, an action may be brought thereon independent thereof, a shipper may have his action on the case for damages, for negligence of the carrier in the non-performance of a duty as such carrier.

3. To the extent that such carrier might make a valid contract in limitation of its liability to the shipper in the carriage of the stock shipped, such contract will be a matter of defense; and that defense may, in an action on the case, be given in evidence under the general issue, and need not be specially pleaded.

4.  A railroad company may limit its liability by contract to carriage over its own line.

5.  Where that limitation is made by a condition in a bill of lading made as a receipt by the carrier, notice of the condition and assent to it by the shipper is a question of fact, to be determined from the evidence; but where the limitation is contained in a contract signed by the shipper, the contract is to be construed by the court.

6.  The terms of such contract are binding so far as the carrier may contract in limitation of its duties, and a shipper signing such contract can not relieve himself from its terms by reason of ignorance of the same, unless there be fraud and misapprehension in the execution thereof.

7.  A carrier may lawfully require that it shall not be held liable for damages to goods carried by it, unless the shipper or consignee gives notice of his claim for damages, within a reasonable time.

8.  The question of what is a reasonable time must be governed by the facts in a given case.

9.  A condition in a bill of lading setting forth that before the shipper shall be entitled to claim damage for injury to live stock caused by the negligence of the carrier, or any connecting line it may send such live stock over when shipped on a through bill of lading, he must give notice in writing of his claim of damage to some officer of the road that originally received the stock and issued the bill of lading, before the stock is removed from its place of destination or mixed with other stock, is an unreasonable requirement.

[Opinion filed January 15, 1892.]

APPEAL from the Circuit Court of Edwards County; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. L. W. LOW, JR., and HANNA & HANNA, for appellants.

Mr. H. J. STRAWN, for appellee.

PHILLIPS, J.   This was an action on the case brought by appellants against appellee for alleged negligence in the carriage of a lot of cattle, sheep and hogs, from Albion, Illinois, to Cincinnati, Ohio, and charging there was unreasonable delay in transportation, by reason of which appellant sustained damage. A trial was had before the court without a jury, and a verdict and judgment was entered for the defendant. The stock was shipped under a special contract as claimed by the defendant, and under a plea of not guilty the defendant intro-

duced in evidence the provisions of that special contract, and claimed that the delay occurred on another road, to which appellee delivered the stock for carriage, and by the contract the appellee had limited its liability for safe carriage to the line of its own road, and had further, by contract, stipulated that a notice in writing must be given to an officer or agent of the railroad originally shipping the stock, before the stock so shipped was removed from the car, as a condition precedent to the recovery of damage. This evidence was objected to as inadmissible under the general issue and the objection overruled, to which the plaintiff then and there excepted. The first question presented by this record is the admission of that evidence under the plea of not guilty. The defendant having received the cattle for shipment as a carrier, owed the duty of using reasonable diligence in carriage, and for failure to exercise reasonable diligence would be liable for damage. Where stock is shipped under a special contract and damage is sustained to the stock so shipped, an action may be brought to recover for such damage on the special contract. But independent of and regardless of the fact that a special contract was so made, the shipper may have his action on the case for damage for negligence of the carrier in the non-performance of a duty as such carrier. Arnold v. I. C. R. R. Co., 83 Ill. 273; I. C. R. R. Co. v. Phelps, 4 Ill. App. 238; W. St. L. & P. Ry. Co. v. McCasland, 11 Ill. App. 491. To the extent that appellee might make a valid contract in limitation of its liability to appellants in the carriage of the stock so shipped, such contract would be matter of defense; that defense may, in an action on the case, be given in evidence under the general issue, and need not be specially pleaded. W., St. L. & P. Ry. Co. v. McCasland, *supra;* Wiggins Ferry Co. v. Blakeman, 54 Ill. 201; City of Champaign v. McMurray, 76 Ill. 353; W., St. L. & P. Ry. Co. v. Black, 11 Ill. App. 465. So far as the defendant might lawfully contract being admitted in evidence under the general issue was not error. Evidence was offered as to the stock being delayed in its transportation, and where the delay occurred, but we do not care to express an opinion on the facts of the case.

The plaintiff asked the court to hold, as law, the following proposition : " A railroad company can only limit its liability to carry and deliver goods to their place of destination beyond its own line by a contract fairly and knowingly entered into between the consignor and the railroad company, and unless the contract limiting the liability was understandingly and knowingly entered into by the shipper with a knowledge of its contents, the shipper would not be bound by the same," which the court refused to hold, as asked, and modified by adding: " But if the shipper can read and write and he signed the contract without reading it, yet it is conclusively presumed that he knew and assented to all the terms and conditions of the contract, unless he was induced to sign the contract, or to refrain from reading it by force, fraud, duress, misrepresentation or mistake." To which modification the plaintiff then and there excepted.

The right of a railroad company, as a common carrier, to limit its liability by contract to carriage over its own line, is the settled rule of law of this State. Where that limitation is made by a condition in a bill of lading made as a receipt by the carrier, notice of the condition and assent to it by the shipper is a question of fact to be determined from the evidence. But where the limitation is contained in a contract signed by the shipper, the contract is to be construed by the court. Its terms are binding so far as the carrier may contract in limitation of its duties. A shipper signing such contract can not relieve himself from its terms by reason of ignorance of the same, unless there be fraud and misrepresentation in the execution thereof. Black v. W., St. L. & P. Ry. Co., 111 Ill. 351.

It was not error to modify the proposition. The plaintiff asked, and the court refused to hold as law, the following proposition: " The court holds as a question of law on behalf of the plaintiff, that a condition in a bill of lading that before the shipper should be entitled to claim damage for injury to live stock, caused by the negligence of the carrier, or any connecting line it may send such live stock over, when shipped on a through bill of lading, the shipper must give notice in writing

of his claim of damage to some officer of the road that origi-
nally received the stock and issued the bill of lading before
the stock is removed from its place of destination or mingled
with other stock, is an unreasonable requirement."

The plaintiff assigns as error the refusal to hold the fore-
going proposition as law. That a carrier may lawfully require
that it shall not be held liable for damage to goods carried
by it, unless the shipper or consignee gives notice of his claim
for damage within a reasonable time, is a proposition that is
sustained by an almost uniform line of decisions, State and
Federal. In Wabash, St. Louis & Pacific Ry. Co. v. Black,
*supra*, it was held a reasonable requirement, that the carrier
could rightfully make, that the shipper should give notice of
his claim, verified by affidavit, for damage to stock shipped,
which notice was to be given to the general freight agent
of the carrier at his office in St. Louis, within five days
from the time the stock shipped was removed from the
cars. It is to be observed, however, that in passing on
the question, the Supreme Court was determining the question
as to whether the carrier might make a requirement that a
notice of the claim for damage must be made within a reason-
able time, and the question as to whether five days was a
reasonable time was not directly before the court. The prin-
ciple is, that a notice may be required to be given within
a reasonable time; what is a reasonable time is to be deter-
mined from other facts, and we are of opinion that if the
question of the reasonableness of the time in that case had
been the direct question before the court, it would have been
held unreasonable in point of time.

In Express Co. v. Caldwell, 21 Wall. 264, it was held that
a carrier might limit its liability unless claim was made within
ninety days from the delivery of the goods to the company
and the requirement a reasonable one. In that case Mr. Jus-
tice Strong, delivering the opinion of the court, said: " A com-
mon carrier is always responsible for the negligence no mat-
ter what his stipulations may be. But an agreement that in
case of failure by the carrier to deliver the goods, a claim shall
be made by the bailor or by the consignee within a specified

period, if that period be a reasonable one, is altogether of a different character."

The right to require a notice of a claim for loss or damage from the carrier to be made by the shipper or consignee within a reasonable time after the delivery of the goods to the carrier or their removal from the shipper's custody at place of delivery, is clear. But a reasonable time must be given. The contract in this case contains the following clause: "And for the consideration before mentioned said party of the second part further agrees that, as a condition precedent to his right to recover any damage for loss or injury to said stock, he will give notice in writing of his claim thereof to some officer of said party of the first part, or its nearest station agent, before said stock is removed from the place of destination above mentioned, or from the place of delivery of the same to said party of the second part, and before such stock is mingled with other stock."

The consignee owed the duty to receive and take care of the stock; if the stock was in bad condition and required care, he should give it proper care; he should realize as much for it as he reasonably can. If the above clause of the contract is a reasonable one, this stock, before mingled with other stock, or removed from its place of destination, must be held, cared for, kept to itself, no matter as to the cost or inconvenience, until notice in writing is given to some officer or the nearest station agent of the company originally receiving the stock for carriage. In this case the road of the defendant terminated at New Albany, Indiana. The place of destination of the stock shipped is at Cincinnati, Ohio, a point about one hundred and fifty miles distant from the nearest point of the road. That stock should not be removed from place of destination or mingled with other stock until notice in writing was given, under these circumstances was an unreasonable requirement— an unreasonable condition. A reasonable time to give notice was not given, hence that clause of the contract was not binding.

The court erred in refusing to hold the proposition as asked. For error indicated the judgment is reversed and the cause remanded.          *Reversed and remanded.*