## The Michigan Central Railroad Company v. The Chicago Electric Vehicle Company.

### Gen. No. 12,121.

1. SHIPPING ORDER—*when becomes contract between shipper and carrier.* A shipping order signed by the shipper and accepted by the defendant becomes a contract in writing between the parties as

fully and completely as if the carrier had signified its acceptance in writing.

2. COMMON CARRIER—*when may limit its liability.* A common carrier is entitled by contract to limit its liability to carriage over its own line.

3. COMMON CARRIER—*when not liable for damage to property delivered by connecting carrier.* A receiving carrier is not liable for damage to property carried by it under a contract exempting it from liability except for damage occurring upon its own line where delivery was made by the connecting carrier and there is no evidence of the damage having occurred upon the line of the receiving carrier,—the burden of showing that such damage occurred being upon the plaintiff.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed, with finding of facts. Opinion filed January 12, 1906.

**Statement by the Court.** Appellee delivered to appellant for carriage two automobiles, consigned to a certain company in London. They were carried by appellant to Suspension Bridge, New York, and there delivered to the New York Central and Hudson River R. R. Company, the next carrier on the route to said destination. When the machines reached New York it was discovered that one of them was damaged and appellee brought this action in case against appellant to recover for such damages and recovered a judgment for $264, from which this appeal is prosecuted.

WINSTON, PAYNE and STRAWN, for appellant; F. S. WINSTON and RALPH M. SHAW, of counsel.

BROWN & ALLING, for appellee; FREDERICK A. BROWN and E. E. LEDBETTER, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Some hours before the machines in question were delivered to the defendant, the plaintiff company, by its superintendent, acting under the order of its secretary and treasurer,

160    APPELLATE COURTS OF ILLINOIS.

VOL. 124.]    Mich. Cent. R. R. Co. v. Chicago E. V. Co.

made, signed and delivered to the defendant a "shipping order" as follows:

"Febr. 17, 1900.

The Michigan Central Railroad Company will receive and carry the property marked, consigned and destined as indicated below to the said destination, if on its road, otherwise will deliver to another carrier on the route to said destination.

It is mutally agreed, as to each carrier of all or any of said property, over all or any portion of said route to destination and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written, herein contained, both on the face and on the back hereof, and which are hereby agreed to by the shipper and by him accepted for himself and his assigns as just and reasonable.

| Marks, Consignees and Destination. | Description of Articles. | Weight |
|---|---|---|
| | | Subject to correction. |
| Lecoll Electric | One yellow | |
| Battery co. | Electric | |
| New Norfolk Str., | Runabout | |
| Shore Ditch, | Automobile. | |
| London, E. C. | | |
| C/o John H. Curtis, | | |
| New York City. | | |

6,000

(Signed)    CHICAGO ELECTRIC VEHICLE Co., Consignor.
(Endorsed on the back.)

*   *   *   No carrier shall be liable for loss or damage not occurring on its own road or its portion of the through route, nor after said property is ready for delivery to the next carrier or to consignee."

This shipping order was accepted by the defendant and the paper so by the plaintiff signed and delivered to the defendant and accepted by the defendant became a contract in writing between the parties as fully and completely as if the defendant had in writing accepted the order. Hart v.

Emery, 184 Ill., 560; Rigdon v. Conley, 141 ib., 565; Ames v. Moir, 130 ib., 582.

It was lawful for the defendant thus to limit, by contract, its liability. The rule was stated by MR. JUSTICE PHILLIPS in Coles v. L. E. & St. L. Ry. Co., 41 Ill. App., 607, as follows: "The right of a railroad company, as a common carrier, to limit its liability by contract to carriage over its own line, is the settled rule of law of this State. Where that limitation is made by a condition in a bill of lading made as a receipt by the carrier, notice of the condition and assent to it by the shipper is a question of fact to be determined from the evidence. But where the limitation is contained in a contract signed by the shipper, the contract is to be construed by the court. Its terms are binding so far as the carrier may contract in limitation of its duties. A shipper signing such contract cannot relieve himself from its terms by reason of ignorance of the same, unless there be fraud and misrepresentation in the execution thereof. Black v. W., St. L. & P. Ry. Co., 111 Ill., 351."

There is no evidence that in this case any fraud was practiced upon the defendant or its superintendent and the provision in the shipping order that: "no carrier shall be liable for loss or damage not occurring on its own road or its portion of the through route," must be held binding upon the parties, and to limit the liability of the defendant to the plaintiff to damages to the machines occurring upon the road or portion of the through route of the defendant.

The machines were delivered to the defendant during the afternoon of February 17, 1900, the day the shipping order was given. The car in which they were shipped reached Suspension Bridge, the terminus of defendant's road and portion of the through route, February 19, and was transferred to the next carrier, the N. Y. C. & H. R. R. R. Co., and that company gave to defendant a receipt for said machines, "in good order." There is no evidence that the car was opened or the property examined before this receipt was given. When the machines reached New York one of them was found to be damaged. Under such circumstances, in

162    Appellate Courts of Illinois.

Vol. 124.]    Mich. Cent. R. R. Co. v. Chicago E. V. Co.

the absence of any evidence tending to show that the damage occurred "on defendant's road or its portion of the through route," the presumption of law is that the goods reached the N. Y. C. & H. R. R. R. Co., the second carrier, in the same condition as when delivered to defendant, the first carrier.

In L. & N. R. R. Co. v. Jones (Ala.), 14 Southern Reporter, 114, the Supreme Court of Alabama said: "Where goods are delivered to a common carrier for transportation to a point beyond its own line, under a through bill of lading, which, however, contains a stipulation exempting the receiving carrier from liability for loss or damage occurring beyond its own terminal, and the goods are not delivered to the consignee at all, the presumption of law is that they were lost by the receiving carrier, and he will be liable, unless he can show that the consignment was safely delivered to the connecting carrier. The burden is on him, in such case; and plaintiff, having shown non-delivery by the discharging carrier, is entitled to recover without more. Railway Co. v. Hughart, 90 Ala., 36, 8 South., 62, and cases cited. On the other hand, where, upon such shipment and bill of lading, the goods have been delivered by the connecting or final carrier to the consignee, or have been carried to the place of consignment for delivery, and are then in a damaged condition, the presumption of law is that they were delivered by the receiving to the connecting carrier in good condition, and that the damage occurred while they were in the possession of the delivering carrier; and therefore, in an action against the receiving carrier for damages occasioned, not by the loss, destruction, or non-delivery of the property, but by the injuries inflicted upon it at some time before delivery to the consignee, the presumption of safe delivery by the first to the second carrier must be overcome by evidence that the damage occurred before the shipment passed out of the possession of the first carrier. The burden in this latter case is upon the plaintiff, and unless he discharges it he fails to make out his cause of action, and must be cast. The presumption of law being that the delivering carrier has damaged the property, in an action by the owner against him,

the plaintiff need only prove the shipment in good condition, and the delivery in damaged condition.    Railway Co. v. Culver, 75 Ala., 587; Cooper v. Ry. Co., 92 Ala., 329, 9 South., 159."

The same rule is laid down in Hutchinson on Carriers, Ed. 1891, Sec. 761; Moore v. N. Y., N. H. & H. R. R. Co., 53 N. E., 816, and in Leo v. St. P., M. & M. R. R. Co., 15 N. W. Rep., 872, where it was said that the rule is not modified or changed by the fact that the second carrier carried the goods over its line in the foreign car in which it received them.

Under this rule the burden was upon the plaintiff to overcome the presumption that the machines in question were delivered to the second carrier in good condition by proof that the damage to the machine occurred before it passed out of the possession of the defendant, the first carrier. There is in the record no evidence tending to show that the damage to the machine occurred on defendant's "road or its portion of the through route." Under the contract, such evidence was necessary to entitle the plaintiff to recover against the defendant.

The judgment will be reversed with a finding of facts but the cause will not be remanded.

*Reversed with finding of facts.*