646     APPELLATE COURTS OF ILLINOIS.

The Peoria Pkg. Co. v. N., C. & St. L. R'y, 164 Ill. App. 646.

# The Peoria Packing Company, Appellee, v. Nashville, Chattanooga & St. Louis Railway Co., Appellant.

## Gen. No. 5472.

1. COMMON CARRIERS—*when evidence need not establish joint liability.* If action is in tort charging negligence in the handling of merchandise, the evidence need not establish joint liability but a verdict and judgment against one carrier will be sustained if justified by the evidence.

2. COMMON CARRIERS—*presumption as to condition of merchandise upon delivery to connecting carrier.* When property is delivered to a carrier in good condition to be transported over its own line, and the line or lines of one or more other carrier, and the property is damaged en route, for the purpose of giving an effective remedy to the owner, who can rarely prove what carrier was to blame for the damage, it is held proof that the goods were delivered to the owner at destination by the final carrier in bad order establishes a *prima facie* case against said carrier.

3. COMMON CARRIERS—*what essential to bind shipper to limitations of liability.* In order to bind the shipper to limitations of liability it must appear from a preponderance of the evidence that he knew and assented to such limitations.

4. COMMON CARRIERS—*what does not establish assent to limitations of liability.* The fact that the shipper filled up the bill of lading upon a blank furnished him by the initial carrier, is only evidence tending to show assent by the shipper.

Action in case. Appeal from the Circuit Court of Peoria county; the HON. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

STEVENS, MILLER & ELLIOTT, for appellant.

IRA J. COVEY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

In June, 1908, The Peoria Packing Company delivered a carload of packing house products to the Chicago, Peoria & St. Louis Railway Company at Peoria

for shipment over its line and over the lines of the Illinois Central Railroad Company and the Nashville, Chattanooga & St. Louis Railway Company to W. S. Rogers & Company at Atlanta, Georgia. When the car was received by the consignee, the contents had been badly damaged. The contents of the car were sold in Atlanta for what they would bring, and the Peoria Packing Company brought this suit in the circuit court of Peoria County against the three railroads named to recover the difference between the value of the merchandise as shipped and the amount for which it sold in Atlanta after having been damaged. There was a jury trial and, at the close of plaintiff's evidence, each defendant offered an instruction requiring the jury to find it not guilty. Such an instruction was given by the court as to the defendant, Illinois Central Railroad Company, and was refused as to the others. Plaintiff then dismissed the suit as to the Illinois Central Railroad Company.

At the close of all the evidence the jury returned a verdict in favor of plaintiff and against the Chicago, Peoria & St. Louis Railroad and the Nashville, Chattanooga & St. Louis Railway and assessing plaintiff's damages at $1,423. Motions by both defendants for a new trial and by the defendant, Nashville, Chattanooga & St. Louis Railway, in arrest of judgment, were overruled, judgment was entered on the verdict against both defendants, and the defendant, Nashville, Chattanooga & St. Louis Railway, appeals therefrom.

The evidence shows that the packing house products with which the car in question was loaded were in good condition when loaded at Peoria, and that, at that time, these goods were worth $3,030.44; that, on arrival in Atlanta in a damaged condition, the goods were worth just what they sold for, or $1,741.98, a difference of $1288.46; and the jury, in adding interest at 5%, or $134.54, to the amount of this difference and return-

648    APPELLATE COURTS OF ILLINOIS.

The Peoria Pkg. Co. v. N., C. & St. L. R'y, 164 Ill. App. 646.

ing a verdict in the sum of $1,423 were justified by the evidence, if appellant was liable for the injury.

This suit is an action on the case for negligence. The declaration contained four counts and two additional counts. Each count charged that defendants were common carriers of merchandise, and transported this car of merchandise from Peoria to Atlanta for a certain reward paid by plaintiff. Some counts charged that defendants were associated in transporting merchandise from Peoria to Atlanta under a contract for a division between them of the profits, expenses and losses, and that the Chicago, Peoria & St. Louis Railway company made the contract for this shipment in its own name, but for the benefit of all the defendants. Other counts charged that defendants were operating a transportation line from Peoria to Atlanta. Other counts charged that defendants were operating certain railroads, and that each defendant was one of a series of railroad companies, whose roads formed a continuous line from Peoria to Atlanta, and that this car of merchandise was delivered by plaintiff and received by defendants to be transported from Peoria to Atlanta. Each count charged, in varying language, that the defendants so negligently and carelessly transported said carload of merchandise that said merchandise was broken, injured and deteriorated in value when it reached its destination. The allegations were more full and ample than we have stated. Appellant filed the general issue and a plea denying joint liability with the other defendants. Issue was joined on these pleas. In its motion for a new trial appellant contended that it was not liable jointly with the Chicago, Peoria & St. Louis Railway Company. The abstract represents that the bill of exceptions contains a motion in arrest of judgment and an exception to the denial of said motion, but the bill of exceptions in fact does not contain a motion in arrest nor an exception to its denial. If this were assumpsit upon the contract

Second District—October, 1911. 649

The Peoria Pkg. Co. v. N., C. & St. L. R'y, 164 Ill. App. 646.

the joint liability would have to be proved as alleged, and if the proof did not sustain the allegation it would be necessary for plaintiff to amend the declaration, but in an action on the case for a tort plaintiff may charge the liability of several defendants and have a verdict and a judgment against those defendants who are liable under the proofs, without amending the declaration, and a defendant justly found guilty cannot secure a reversal on the assignment that the judgment against some other defendant is erroneous. Appellant is not harmed by the judgment against the other defendant. We are of opinion that, notwithstanding the plea of joint liability, the only question appellant can here litigate is whether the judgment against it is supported by the record, and that we are not called upon to discuss the foundation for the judgment against the Chicago, Peoria & St. Louis Railway Company.

In certain printed matter on the back of the original bill of lading, which was prepared by appellee upon a printed blank furnished by the Chicago, Peoria & St. Louis Railway Company, appears the following:

"Claims for loss or damage must be made in writing to the Agent at point of delivery promptly after arrival of the property, and if delayed for more than 30 days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event."

The proof shows that it was the custom of the appellee to make out an original bill of lading upon a printed blank so furnished by the railroad company, with several copies, at the time the merchandise to be shipped was packed in cars. This bill of lading, with its copies, was then sent to the railroad company to whom the car was delivered. The original bill of lading was then endorsed by the railroad as a receipt for the goods and was returned to the shipper, to be retained by him. The merchandise in question here arrived at its destination on June 13, 1908, and, as the shipper did not file

650 , APPELLATE COURTS OF ILLINOIS.

The Peoria Pkg. Co. v. N., C. & St. L. R'y, 164 Ill. App. 646.

any claim for the damage done to such merchandise until August 17, 1908, appellant argues that appellee is bound by this condition to the bill of lading, so prepared by appellee itself, and hence cannot recover for failure to file its claim within thirty days, as required by this condition of the bill of lading. It is true that appellee did not file its claim within thirty days after the merchandise was received at Atlanta by the consignee, but we consider that that requirement had been waived by the action of appellant itself. As soon as the car in question arrived at Atlanta and was opened and the fact ascertained that these goods had been badly damaged, a correspondence, by telegram and by letter, ensued between appellee and appellant, and as a result thereof it was agreed that one of the officers of appellant and the Atlanta representative of appellee should sell these goods, in their damaged condition, for what they would bring, for the purpose of reducing the loss on this carload of merchandise as much as possible. Until these goods should be sold it would be impossible to know by what amount the loss could be reduced, or in other words, what the actual loss would be. The last of these goods was finally disposed of about August 13, 1908, and appellee filed its claim on August 17, four days later. We consider that appellant, by entering into this arrangement for the sale of the damaged goods for what they would bring, consented to the suspension of this condition in the bill of lading until such sale should be completed. Wabash Ry. v. Johnson, 114 Ill. App. 545. Under that arrangement appellee could hardly be required to file its claim for loss and damages until the actual amount of such loss and damage could be ascertained and that could not be done until after the sale, consented to by appellant as the method of ascertaining and reducing the loss, had been completed.

Appellant contends that the proof shows this damage to have occurred while the car in question was in

transit on the line of the Chicago, Peoria & St. Louis Railway, and that therefore such railway should alone be held responsible. As we have already stated, the evidence shows that the goods were in good condition when packed and were packed in the usual and customary manner. The evidence further shows that when this car was delivered to the Illinois Central at its yards at East St. Louis the brake beam and connections were missing and had been torn off entirely and the yard master of that railroad, whose deposition was offered by appellant, considered this to be evidence that the car had been derailed. The brake apparatus was repaired by the Illinois Central but the car was not opened. After the car had been repaired, it was forwarded by the Illinois Central, and the trainmen of that road and of appellant testified that nothing happened to this car from that time until it reached Atlanta. The car inspector of appellant, who examined this car after it had arrived at its destination, testified however that a number of the end boards had been broken in, and also that several other cars in that train had been injured in that and other ways. Other proof showed that these end boards were not broken when this car was delivered to appellant at Martins, Tenn., and also that said other cars were not so broken when placed in appellant's train at Martins. This was convincing proof that some severe injury had occurred to this car and to this train on appellant's railroad, notwithstanding said testimony of appellant's trainmen. An inner lining of this car, provided to keep out the heat, had not been broken inside these broken end boards, but, notwithstanding that fact, the force required to break in the end boards of this and other cars may well have been sufficient to dislodge, throw down and break the packages inside the car.

This car was not opened from the time it was sealed by appellee at its packing house until it was opened at Atlanta. No evidence was offered to show positively

652 APPELLATE COURTS OF ILLINOIS.

The Peoria Pkg. Co. v. N., C. & St. L. R'y, 164 Ill. App. 646.

that this car was derailed while on the line of the Chicago, Peoria & St. Louis Railway. It may be that this car was so derailed and that such derailment caused the damage to the contents thereof. It may be, on the other hand, that the car was not derailed, but that, between the time it left the custody of the Illinois Central at Martins and the time it arrived at Atlanta, something out of the ordinary happened to this car which damaged the contents. Certainly some unusual force applied to this car on appellant's line broke in the end boards. There is no evidence in the record of a sufficiently definite character to justify us in holding that the damage to these goods did not occur while the car was in transit on the line of appellant. The car itself had been damaged, it is true, before it reached East St. Louis, but the only evidence of a derailment of the car is contained in an inference drawn by an employe of the Illinois Central. If the evidence of a serious accident to this car was so strong at East St. Louis as to lead to the conclusion that it had suffered a derailment, it is very strange that this car was not opened by the Illinois Central to discover whether or not the contents of the car had been damaged by such supposed derailment.

In view of the conclusion reached by us in the preceding paragraph, the rule of law laid down in Michigan Central R. R. Co. v. Chicago Electric Vehicle Co., 124 Ill. App. 158, must be held conclusive in this case. In that case it is said that, where (under a through bill of lading containing a stipulation exempting the receiving carrier from liability for loss or damage occurring beyond its own terminal) the goods have been carried by the final carrier to the place of consignment for delivery, and are then in a damaged condition the presumption of law is that they were delivered by the receiver to the connecting carrier in good condition, and that the damage occurred while they were in the possession of the delivering carrier. The presumption

of law being that the delivering carrier has damaged the property, in an action by the owner against it, the plaintiff need only prove the shipment in good condition, and the delivery in damaged condition. A number of cases in support of this principle are there cited. In Connelly v. Illinois Central Ry. Co., 113 S. W. Rep. 233, the court said:

"When property is delivered to a carrier in good condition to be transported over its own line, and the line or lines of one or more other carrier, and the property is damaged en route, for the purpose of giving an effective remedy to the owner, who can rarely prove what carrier was to blame for the damage, it is held proof that the goods were delivered to the owner at destination by the final carrier in bad order establishes a prima facie case against said carrier. This is because it could have protected itself from responsibility for losses occurring prior to its reception of the property by an inspection of its condition at the transfer point. And, moreover, sources of evidence regarding where the blame rests are more accessible to the last carrier than they are to the shipper."

In view of the principles laid down in these cases, and cases cited therein, it is clear to us that appellee was justified in bringing its action against appellant as the final carrier of this shipment, and that the verdict and judgment against appellant should not be overturned upon the evidence. The judgment obtained by appellee against the initial carrier is not questioned by any error assigned, and cannot be questioned by appellant.

Appellee's first given instruction told the jury that a receipt and the stipulations contained in it are not binding upon the shipper unless it appears from the preponderance of the evidence that he knew and assented to them, and appellant contends that the trial court erred in submitting to the jury the question whether or not that contract or bill of lading was assented to by the shipper and in instructing that the

654    APPELLATE COURTS OF ILLINOIS.

The Peoria Pkg. Co. v. N., C. & St. L. R'y, 164 Ill. App. 646.

burden of proving such assent was upon the defendant. Under the authority of Ill. Match Co. v. C. R. I. & P. Ry. Co., 250 Ill. 396, we find no error in the giving of this instruction. The same case applies equally to appellee's second given instruction and appellant's criticism thereof. The fact that appellee filled up the bill of lading upon a blank furnished by the initial carrier is only evidence tending to show assent by the shipper, and does not change the rule of law. The question whether appellee did consent to the limitations in the bill of lading was for the jury. Wabash R. R. Co. v. Thomas, 222 Ill. 343. Appellee's sixth given instruction told the jury that the burden was upon appellant, as the final carrier, to show that the goods in question were not injured through its negligence. In view of what has already been said herein in regard to the lack of conclusive evidence to show where these goods were damaged, and the principles laid down in the cases of M. C. R. R. Co. v. Chi. Elec. Vehicle Co., and Connelly v. Ill. Cent. Ry. Co., *supra*, we consider that this instruction was properly given. Appellant also complains of the action of the court in refusing its first and second instructions. The first of these held that it was incumbent upon appellee to show in whose custody the goods were when damaged, and that, if the jury believed from the evidence that the injury did not occur while the goods were in the possession of appellant, they should find for appellant. This instruction was clearly wrong, in view of the principles laid down in M. C. R. R. Co. v. Chi. Elec. Vehicle Co., *supra*. Appellee was not bound to show where these goods were when damaged, but could rely upon the presumption of law that they were in the custody of the final carrier, appellant here. The jury were fully instructed that, if the greater weight of the evidence showed that the goods were not injured while in the custody of appellant, then they should find appellant not guilty. The second of appellant's refused instructions told the jury

that appellee must show by the greater weight of the evidence on which line of road the injury occurred in order to recover. This instruction was also incorrect, for the same reasons. Appellant had the burden of proving that the damage did not occur on its line, after appellee had proven the shipment of the goods in good condition and their arrival at destination in bad condition. In view of these principles of law, these two instructions were properly refused.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*