MUSER and another v. THE AMERICAN EXPRESS COMPANY.

*(Circuit Court, S. D. New York.   January 24, 1880.)*

COMMON CARRIER—LIMITATION OF LIABILITY—"LOSS OR DAMAGE BY FIRE"—NEGLIGENCE OF AGENT.—A stipulation in a receipt exempting an express company from liability "for any loss or damage by fire," does not relieve such company where such loss occurred through the negligence of a railroad company employed by the express company to transport the goods in controversy.

SAME—LIMITATION OF LIABILITY TO STIPULATED SUM—REAL VALUE NOT DISCLOSED.—A stipulation in a receipt limiting the liability of the carrier to a stated sum, is binding upon the shipper, in the absence of a disclosure as to the real value of the goods shipped.

WALLACE, J.   The plaintiffs delivered to the American Express Company, at Syracuse, N. Y., a trunk with contents of the value of $4,172 for transportation to New York city, taking a receipt, which, among other stipulations, contained those reading as follows: "This company is not to be held liable for any loss or damage by fire,   *   *   *   nor in any event shall this company be held liable or responsible, nor shall any demand be made upon them, beyond the sum of $50, at which sum said property is hereby valued unless the just and true value thereof is stated herein."

The value of the trunk and contents was not stated in the receipt, and no evidence was given to show that the agent of the defendant knew the value of the property. Through the negligence of the employes of the New York Central & Hudson River Railroad Company, which corporation was employed by the defendant to transport the property in question, the car in which the express company shipped the property for transportation to New York city was thrown from the track, and a fire ensued which destroyed the plaintiff's trunk and contents.

The question now is, whether the defendant is relieved from the responsibility by reason of the stipulations in the receipt, or, if not wholly absolved, whether it is liable for more than $50.

It will not be profitable to review the authorities which consider the right of common carriers to limit or modify their common law liabilities by notices or special contracts. It is the settled law in the federal courts that common carriers cannot relieve themselves from liability for negligence either by notice or by special contract, though they may, by contract with the shipper, stipulate for such a reasonable modification of their common law liability as is not inconsistent with their essential duties to the public. They cannot, therefore, exonerate themselves from liability for the negligence of their own agents, but may from the acts or misconduct of persons over whom they have no authority or control, actual or legal. *York Co.* v. *Central R.* 3 Wall. 107; *R. Co.* v. *Lockwood,* 17 Wall. 357; *Bank of Kentucky* v. *Adams Exp. Co.* 93 U. S. 174.

The plaintiffs' property was destroyed by the negligence of the railroad company, the agent of the defendant, and the defendant is, therefore, liable, notwithstanding the stipulation against liability for fire.

The precise question presented under the stipulation limiting the defendant's liability to $50, in the absence of a statement of the real value in the receipt, was decided in *Berry* v. *Dinsmore,* where at *nisi prius* I hold such a stipulation valid. After a more careful consideration of the question than I was able to give I am confirmed in the conclusion then reached. The case of *Hopkins* v. *Wescott,* 6 Blatch. 64, which was not then called to my attention, is a controlling authority in this circuit, and decides that such a limitation is binding upon the shipper. To the same effect are *Belger* v. *Dinsmore,* 51 N. Y. 166; *Kirkland* v. *Dinsmore* 62 N. Y. 35; *Wagner* v. *Dinsmore,* 62 N. Y. 171 and 70 N. Y. 410.

The right of a carrier to exact fair information as to the value of property confided to his care has always been recognized. He has the right to insist that his compensation be measured by his risk, and, obviously, the degree of care which

he will exercise will measurably depend upon the extent of the responsibility he may incur. While it is not primarily the duty of the shipper to inform the carrier of the nature or value of the contents of the parcel sent, the carrier has the right to make inquiry and receive a true answer, and any concealment on the part of the shipper, intended to mislead the carrier as to the character or value of the property, and which does mislead, is a fraud which absolves the carrier from responsibility. *Sewell* v. *Allen*, 6 Wend. 347; *Phillips* v. *Earle*, 8 Pick. 182; *Brooke* v. *Pickwick*, 4 Bing. R. 218; *Riley* v. *Horner*, 5 Bing. 217; *Sleat* v. *Flagg*, 5 B. & A. 342; *Crouch* v. *L. & N. M. R.* 14 C. B. 255.

The question has generally arisen in cases where the carrier sought to protect himself under the terms of a general notice or regulation requiring the shipper to state the value or character of the property, and when the notice or regulation was brought to the knowledge of the shipper the carrier was protected by it. How much stronger is the case when, as here, the shipper enters into a contract by which he agrees that the property shall be valued at $50 in the absence of specific statement of the real value.

In *Express Co.* v. *Caldwell*, 21 Wall. 264, a clause in a contract relieving the carrier from liability for any loss or damage to a package whatever, unless claim should be made therefor within a limited time, was sustained as a reasonable condition.

The stipulation in the present case is plainly as reasonable as was that in *Express Co.* v. *Caldwell.* In effect it exacts from the shipper only that fair information of the extent of the carrier's risk to which he is entitled.

Upon the argument it was contended that the stipulation could not shield the carrier from the consequences of his own misfeasance. Undoubtedly a carrier may so conduct himself with property entrusted to him as to divest himself of the character of a carrier. In such case his contract would not protect him. This is not such a case. Judgment is rendered for plaintiff for $50, with interest from January 3, 1879.