C. J. SEARLES *v.* ALABAMA & VICKSBURG RAILWAY COMPANY.

1. RAILROADS. *Carrier of freight. Damages. Presumption.*

In an action against the initial carrier for negligently loading goods in unsafe cars, whereby they reached their destination on a connecting line damaged by being wet, proof of defendant's universal habit to carefully inspect cars before sending them out will not justify a peremptory instruction for defendant, if there is also evidence that the goods were received by it in good condition and loaded into cars, the seals of which remained unbroken, the contents being undisturbed

Statement of the case.

throughout the journey, but being found damaged by wet on reaching the destination, caused presumably by loading in unsuitable cars.

2. SAME.   *Conflicting presumptions.   Question of fact.*

In such case the presumption as to the fitness of the cars, arising out of the proof of their inspection, is opposed by the presumption of unsuitableness, arising out of the evidence that their contents became wet although in sealed cars.   Under such circumstances, whether the cars were secure as originally furnished is for the jury to decide under all the evidence.

FROM the circuit court of Warren county.
HON. J. D. GILLAND, Judge.

Action to recover for damages to three car-loads of oats shipped over defendant's railroad from Vicksburg, Miss., on a through bill of lading, to Atlanta, Ga.   The line of defendant's road extends only to Meridian, Miss., from which place the oats were carried over connecting lines, but in the same cars, and reached Atlanta with the original seals of the cars unbroken and their contents undisturbed.   But when unloaded, the oats were found to be damaged by water.

The oats were received for shipment, one car-load on February 3, 1890, and the other two on the following day, and were by defendant loaded into ordinary box-cars.   Two of them started on their journey on the fifth and the other on the sixth of February.   Each car arrived at Meridian in due course, and after a short delay in that city was delivered to a connecting line, the last delivery being on the night of the sixth of February.

Plaintiff introduced evidence that the oats were dry, and otherwise in good condition when delivered to defendant, and of their damaged condition on their arrival at Atlanta, and, after proof of the extent of the damage, rested.

To prove the suitableness of the cars used, defendant introduced as a witness its car-inspector at Vicksburg, who testified as to his universal habit, under a regulation of the company, of carefully inspecting and approving all cars before

allowing them to be loaded with freight.   While the inspector had no recollection of these particular cars, he was sure they were in good condition, since they had not been condemned. It was also shown that there was no delay along the route to Meridian, and that the seals of the cars were there examined and found unbroken.   Defendant also offered in evidence transcripts of the records of the war department, containing reports received through the signal service, for the purpose of showing that no rain fell in Vicksburg from the third to the sixth of February, and that at Meridian none fell on the fifth, and only a trace of rain fell on the sixth of February. From this, the presumption of fact was invoked that no considerable rain fell in either city or along the route while the cars were in defendant's possession.

The circuit court gave a peremptory instruction for defendant; verdict and judgment accordingly, and plaintiff appeals.

*Dabney & McCabe*, for appellant.

The burden is on the last of several connecting carriers, which delivers goods in a damaged condition, to exculpate itself.   *M. & O. R. R. Co.* v. *Tupelo Fur. Mfg. Co.*, 67 Miss., 35.   For stronger reasons, it must be held that a receiving carrier is held to a like responsibility.   It is the contracting party, and is always responsible for the safe delivery to the consignee, unless there be limitations in its contract.   *Lowenburg* v. *Jones*, 56 *Ib.*, 688.

The court below acted on the theory that the defendant was not responsible after the cars left its custody.   It was conceded that the burden rested on the defendant.   The true inquiry is not *where* did the damage occur, but *whose fault* was it?   The damage can be accounted for in but one way, and that is, that rain beat through the doors, or otherwise, into the cars.   The defendant wholly failed to meet the burden of proof.   The cars arrived at Atlanta with seals unbroken.   That the oats in all the cars were damaged

shows that the cause was common to them all. The jury should have been allowed, under the evidence, to pass on the case.

*Birchett & Shelton,* for appellee.

The testimony of the car-inspector, which is not contradicted, fixes the condition of the cars as safe when they left Vicksburg. They went straight through to Meridian without any kind of accident, and were there found duly sealed. The records of the war department show that it was a physical impossibility for the oats to have been wet while in defendant's possession. We do not follow the cars over every inch of their journey, but do show that there was no rain in these two cities, on the same parallel, and that the cars went through without delay. This makes it *prima facie* true that no rain fell on the cars in defendant's possession.

Supposing rain did fall upon them, the damage is shown as a whole. The amount done to the oats in any one car is not shown. There is no evidence upon which a verdict could be rendered for plaintiff, if it be conceded that there was a possibility of the oats in the last car being injured by rain at Meridian. Defendant was not responsible for damage occurring after delivery to connecting carriers. The bills of lading expressly so provided. The law applicable to this case is well settled. See 24 Minn., 506; 30 *Ib.,* 438; 66 Ga., 251; 3 Woods, Ry. Law, 582.

It does not matter that the connecting carriers received the oats in cars in which defendant carried them. It was their duty to know that the oats were in safe cars, and if they took the cars that were unsafe, and the damage afterward occurred, no responsibility rested upon defendant under its bills of lading. What occurred after the cars left Meridian is not shown. Plaintiff makes no attempt to fix responsibility upon defendant by showing that the connecting carriers were free from blame. The peremptory instruction was correct.

*W. L. Nugent,* on the same side.

WOODS, J., delivered the opinion of the court.

On all the evidence submitted in the trial court, it cannot be safely affirmed that there was no disputed question of fact for a jury. The inquiry as to the railway company's alleged negligence in shipping the grain in unsafe and unsuitable cars was met by the evidence of the car-inspector of appellee as to his universal habit, and the rules of the company touching the examination and sending out of all cars. This evidence, we agree with the court below, raised a presumption of the sufficiency of the cars used in making this particular shipment, and if no other evidence were to be found in the record the peremptory instruction might be maintained. But the presumption of the sufficiency of the cars employed was met by another presumption, arising out of the evidence, showing the condition of the cars and their loads upon reaching the point of destination. The three cars, so far as the record shows, were then in the condition in which they were when started from Vicksburg, each one sealed and untouched and undisturbed, and the entire load of each was seriously damaged by water. In the absence of any countervailing evidence, the reasonable presumption must be indulged that the damage was occasioned by rain-fall penetrating and striking through inadequate and unsuitable cars. And so, on all the evidence, the question of fact as to the railway's negligence in furnishing insufficient and insecure cars originally, was one for the jury's determination.

The presumption created by the car-inspector's evidence in favor of the sufficiency of the cars was a reasonable, but not a conclusive, one. The presumption of insufficiency, growing out of damage to the grain, on the facts proven was reasonable also, but not conclusive, and the jury should have been permitted to pass upon the question of fact raised by this conflicting evidence.

*Reversed and remanded for a new trial.*