## ALABAMA & VICKSBURG RAILWAY CO. *v.* CHARLES J. SEARLES.

1. RAILROADS. *Transportation of freight.  Safety of cars.*

    In the absence of a contract limiting its liability, a railroad company is an insurer of the safety of cars supplied by it for the through transportation of goods over its own and connecting lines, and is liable for any injury to the goods therein, resulting from the unsuitable condition of such cars, even after delivery to a connecting carrier, if their condition does not become unsuitable after such delivery.

2. SAME. *Pleading.  Ambiguity in declaration.  Variance.  Trial.  Estoppel.*

    Although, in an action against the initial carrier for damages to a car-load of grain, by being wet, the declaration avers that the injury occurred while on defendant's line, if it be also averred that, through neglect of its promise and liability as a common carrier, it delivered the grain in a damaged condition, and it appears, from admissions of counsel as to the evidence, and the course of the trial throughout, that the sole determining inquiry was, whether the cars supplied by defendant were suitable, it is proper to refuse an instruction that plaintiff could not recover unless the injury occurred on defendant's line.

3. SAME. *Instruction.  Weight of evidence.*

    Although there is evidence that defendant's car-inspectors invariably did their duty and rejected cars unfit for use, it is proper to refuse, as being on the weight of evidence, an instruction for defendant that such testimony is competent to prove that the cars were safe.

4. INSTRUCTION. *Weight of evidence.  Best proof attainable.*

    The fact that a party produces the best evidence he has, or could be expected to have, does not exempt him from the rule which requires evidence sufficient to satisfy the jury. Hence, an instruction in such case that the jury should find for the defendant, if satisfied *by evidence such as could reasonably be expected to be produced by the defendant* that the cars were safe, is properly modified by striking out the words italicized.

5. EVIDENCE.   *Value.   Market quotations.*

  Plaintiff, a wholesale dealer in grain, is a competent witness as to its value
    in another city, where he states that he is advised as to such value by
    current market reports and quotations, and by actual sales there of the
    grain for injury to which he sues.

6. VALUE.   *Damaged grain.   Actual sale.*

  The value of a commodity not quoted on the markets and not dealt in
    generally, as, for instance, damaged grain, is best shown by what it
    brings at a fair sale.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

The tenth instruction asked by defendant, and which the
court holds was properly refused, is as follows: " The court
instructs the jury that evidence that it was the duty of the
defendant's car-inspectors to inspect every car before it was
used, and reject every car unfit for use, and that such inspect-
ors invariably performed that duty, and that cars found unfit
were never used, is competent to prove that the cars were in
good order and condition."

The instructions for the defendant, which the court holds
were properly modified, are as follows: " If the jury is satis-
fied *by such evidence as could reasonably be expected to be pro-
duced by the defendant* that the cars were sound, and not leaky
when they started from Vicksburg, they will find for the de-
fendant." " If the jury is satisfied *by such evidence as could
reasonably be expected to be produced by defendant* that the cars
were sound, and not leaky, they will find for defendant."
The words stricken out by the court are italicized.

The first instruction for the plaintiff, the giving of which
the court holds was proper, is as follows : " The jury are in-
structed that a railway company is bound to safely keep and
transport freight received by it to be conveyed over its line,
so long as it remains in its custody ; and that where, as in
this case, the freight was placed in cars furnished by defend-
ant, and sealed by defendant, if the expectation and under-
standing was that the cars were to be carried through un-

opened, then the company is held to be an insurer of the safe condition of the cars, subject only to any changes which may be shown to have taken place in their condition after leaving defendant's custody."

*Martin Marshall*, for appellant.

The averment of the declaration is that the difficulty arose while the oats were in the custody of the defendant. By the terms of the bill of lading, defendant's responsibility ceased upon delivery to the connecting line. It is not disputed that the oats were safely carried over its line, and delivered to the connecting line in the same condition as when received. As the damage did not occur while the oats were in defendant's custody, there could not be any recovery. The variance, in the absence of any amendment, is fatal. A plaintiff who avers a particular state of facts is entitled to a verdict on proof of the facts averred. If he proves a different state of facts, although in themselves constituting a right of action, he cannot recover. 2 Thompson on Trials, § 2251. Whether there is a variance, is for the court. 1 *Ib.*, § 1028.

It was error to refuse the tenth instruction for the defendant. It is not the function of the jury to know the law of the case, and it was the duty of the court to inform it that the evidence referred to in the instruction was competent to prove the suitableness of the cars. By refusing the instruction, the jury was left without any knowledge that such testimony was competent to show that fact. That it was competent, see Greenleaf on Evidence, § 40. While the court may not instruct upon the weight, it has the power to judge of the tendency of evidence. Hilliard on New Trials, 283, 284.

It was error to modify the third and fourth instructions asked by defendant. The effect of this was to withdraw from the jury any information as to what kind of evidence the law permits as tending to prove facts, or as to the law not expecting an impossibility, and that the evidence was only required to be such as was reasonable.

The first instruction was erroneous in announcing that defendant was an insurer of the safe condition of the cars, subject only to changes taking place after leaving its custody. There is no element of insurance in this case. There was no contract to deliver the goods except to connecting lines. It is conceded that the oats were not damaged while in defendant's custody, and the liability, if any, must be based on the theory, without any corresponding allegation in the declaration, that defendant was negligent in that it furnished leaky cars. The plaintiff assumes the burden of proving that to be a fact, and then drops the burden and appeals to the rule governing, not such cases as this, but those applicable to a case where the defendant had not by contract limited its liability. The rule that a railroad company is an insurer is relaxed in modern times. Hutchinson on Carriers, 181; 2 Wood on Railways, 1049. Now it is not liable for injuries resulting from defects that no reasonable degree of care or vigilance could have detected. While the company is bound to exercise the highest degree of care in the selection of machinery, cars and other appliances, and in the construction of its road-bed, and keeping the same in repair, yet it is not liable for the result of an accident which could not have been prevented by the exercise of such care. 2 Wood on Railways, 1054. The most the court should have announced to the jury would have been that the defendant should have exercised the highest reasonable degree of care. It was error to say that it was an absolute insurer of the safety of its cars.

*Dabney & McCabe*, for appellee.

The case for plaintiff on this appeal is stronger than on the former appeal, when the court held that the case was a proper one for the jury to pass upon. The instructions were very liberal in defendant's favor. If there was any accident to the cars after leaving Meridian, it would have been an easy matter for defendant to have proved it. There was no error of law committed.

COOPER, J., delivered the opinion of the court.

This case, as developed on the last trial in the lower court, presents in its principal issue no materially different aspect from that presented when it was first tried, and, upon an appeal then prosecuted, it was held by this court that a peremptory instruction for the defendant could not be supported, because there were disputed facts on which the jury might find for the plaintiff. *Searles* v. *Railway Co.*, 69 Miss., 186.

The peremptory instruction asked by the appellant was properly refused. The action is one to recover for injury to three car-loads of oats shipped by the plaintiff from Vicksburg, in this state, to purchasers in Atlanta, Ga., and all the evidence tends to prove that the injury was caused by the oats being exposed to rain, either before they were shipped or while in transit. The shipments were made under special contracts with the defendant company, by which all responsibility on its part (except as to the guaranty of the rates of freight) ceased upon delivery of the freight to the connecting carrier, which was the Alabama Great Southern Railroad, connecting with the defendant company at Meridian, Miss. The declaration is not framed with reference to the contract actually made between the parties, but is framed as upon a contract of the defendant to carry the oats from Vicksburg to Atlanta, and the breach is alleged in these words: "Yet, the plaintiff says that, notwithstanding its promises and liability in the premises, said defendant, by its carelessness, negligence and disregard of its duty as a common carrier, failed and neglected to deliver said three cars of oats in a safe and sound condition, but delivered the same in a damaged condition, and after long and unreasonable delays, although the same had been delivered in a good and sound condition. The said oats were damaged, as aforesaid, while in the custody of the said defendant, by becoming wet, moldy, rotten and unsound through the want of proper care and attention on the part of the defendant."

On the trial of the cause, the jury having been impaneled,

it was admitted by counsel for the plaintiff, in open court
and to the jury, that there was no rain-fall before the cars
were delivered to the connecting line at Meridian, Miss., and
it was admitted by counsel for the defendant that rain began
to fall after the cars were so delivered at Meridian, and fell
to the extent of two inches before the cars reached Atlanta.

The record makes it entirely certain that, upon the ques-
tion of the liability of the defendant for the damage to the
oats, the whole controversy was made by the parties to turn
upon the inquiry whether the cars supplied by the defendant
were safe and suitable for the transportation of the oats, and
whether they were damaged in transit or had been exposed
to rain before shipment.

Among other instructions asked by the defendant is one—
the eleventh—by which the court was asked to charge the
jury that, " unless the evidence proves that the damage to the
oats occurred while they were in the hands of the Alabama
& Vicksburg Railway—that is, after the delivery to said rail-
way in Vicksburg, Miss., and before the delivery to the con-
necting line at Meridian—the jury will find for the defend-
ant." This instruction was refused, and its refusal is now
assigned for error. In support of this assignment of error,
it is contended for the appellant that the plaintiff, by his
declaration, sought recovery only for injury done to the oats
" while in the custody of the defendant," and that, even if
the evidence would warrant a recovery for an injury occur-
ring after the oats had been delivered to the connecting car-
rier, but by reason of defective cars supplied by appellant,
no such recovery should be allowed in this case, because no
suit has been brought therefor.

We are of opinion that the instruction was rightly refused
by the trial court. By the admissions made by counsel for
both the plaintiff and the defendant at the opening of the
trial, and the course and tendency of the whole evidence, it
is evident that the trial proceeded upon the single inquiry
whether the cars supplied by the defendant company were

suitable for the transportation of the goods being carried.
No objection was taken by the defendant to the testimony of
the plaintiff, and it met or attempted to meet the question to
which the plaintiff's evidence was directed, by attempting to
prove that the cars were safe and suitable.    The declaration
of the plaintiff avers that, "notwithstanding its promises
and liabilities in the premises, said defendant, by its careless-
ness, negligence and disregard of its duty and responsibility
as a common carrier, failed and neglected to deliver said three
cars of oats in a safe and sound condition, but delivered the
same in a damaged condition."    It is true, the further aver-
ment was made that the injury occurred while the oats were
in the custody of the defendant, but, since a failure by the
defendant to supply safe and suitable cars was, of itself, a
breach of its duty, falling fairly within the scope of the pre-
cedent averment in the declaration, the unnecessary state-
ment in the subsequent clause, that the injury was sustained
while the oats were in the custody of the defendant, by
which averment the defendant was manifestly not misled,
could not restrict the right of the plaintiff to a recovery for
injury occurring while the goods were in the custody of the
first carrier.    The question is not one of variance between
the pleadings and the proof, nor of the failure of the evidence
to sustain the averments of the declaration, but it is one of
an ambiguously stated cause of action interpreted by the
course pursued by both parties on the trial.    If the defend-
ant's construction of the declaration here was the one he
intended to insist upon in the trial court, the admission of
plaintiff's counsel that no rain had fallen between the ship-
ment of the oats and their delivery to the connecting carrier
at Meridian, indicated that no further evidence was admissi-
ble for the plaintiff, and he should have raised the point by
an objection to the evidence when offered, instead of joining
in the investigation and withholding his challenge of the
plaintiff's case until the court was instructing the jury.    We
are satisfied, from the whole record, that the defendant was

not surprised by the case as developed by the plaintiff, and it is in that view alone that the objection he now makes could be sustained.

The tenth instruction asked by the defendant was properly refused. The court, by admitting the evidence to which it relates, had passed upon its competency, and it was quite proper to decline to express any opinion as to the effect or tendency thereof. There was no error in modifying the third and fourth instructions asked by the defendant. If the defendant was unfortunately so situated that the best evidence it could produce was insufficient to maintain on its behalf the issue joined, that was its misfortune; but the fact that it could not reasonably have been expected to have more satisfactory evidence could neither strengthen that it had, nor change the rule which requires evidence sufficiently strong to satisfy the jury.

In effect, the first instruction for the plaintiff was that the defendant was bound, as a common carrier of the goods, so long as they were in its custody and being transported, and, that, as to the cars supplied, this liability continued throughout the journey, unless the condition of the cars was changed after they had been delivered to the connecting carrier; and this was correct. It was the duty of the carrier to supply suitable and proper cars; and, for a failure in this respect from which injury resulted, the defendant was liable. There was nothing in the contract of carriage by which the common law liability of the carrier was limited, and it was therefore bound, as an insurer, to supply safe and suitable cars. Hutch. on Carriers, § 293; *The Caledonia*, 43 Fed. Rep., 681; *Sloan* v. *Railway Co.*, 58 Mo., 220.

The exception taken by the defendant to the testimony of the plaintiff as to the value of oats at Atlanta cannot be sustained. The plaintiff was engaged as a dealer in goods of this character, and was advised, as he states, of their value at Atlanta by the current market reports and quotations, and by the actual sales he made of the oats for injury to

which this suit is brought. He was therefore a competent
witness in this respect. *Sisson* v. *Railroad Co.*, 14 Mich.,
489; Sutherland on Dam., § 654; 2 Rice on Evi., § 553;
*Brackett* v. *Edgerton*, 14 Minn., 174; 100 Am. Dec., 211.

The price at which the damaged oats were sold, after a
fair trial to obtain the best price, was competent evidence of
their value. We suppose there was no market value for such
articles; and the value of an article not quoted on the mar-
kets, and not dealt in generally, is best shown by what it
brings at a fair sale. *Sullivan* v. *Lear*, 23 Florida, 463; 2
Rice on Ev., § 552.

*The judgment is affirmed.*