## DUNCAN McEACHERAN v. THE MICHIGAN CENTRAL RAILROAD COMPANY.

*Carriers—Liability beyond line of road—Bill of lading—Evidence.*

A shipper delivered two car-loads of lumber to a railroad company, consigned to a point beyond its line of road, and received a bill of lading, in which it was stated that the lumber was received for transportation to its destination, if upon the railroad company's line of road,—otherwise, to the place where it should be received by the connecting carrier,—upon the terms and conditions on the back of the bill of lading. Among said conditions was one providing that the railroad company, in forwarding the lumber from the point where it left its road, was to be held as a forwarder only. And it is held that the mere fact that the railroad company gave the shipper a through rate for freight would not, in view of the terms expressed in the bill of lading, and upon which it received the lumber, make the railroad company liable as a carrier beyond its own line; citing *Detroit & Bay City Ry. Co. v. McKenzie*, 43 Mich. 609; *Rickerson Roller Mill Co. v. Railroad Co.*, 67 Id. 110.

Error to Wayne. (Brevoort, J.) Argued April 24, 1894. Decided June 26, 1894.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*D. F. Glidden (Brennan, Donnelly & Van DeMark,* of counsel), for appellant.

*Henry Russel (Russel & Campbell,* of counsel), for defendant.

McGRATH, C. J. Plaintiff delivered to the defendant company two car-loads of lumber, and received a bill of lading therefor, which reads as follows:

"ESSEX CENTER, Feby. 13, 1885.

"Received from D. McEacheran, in apparent good order, except as noted, the packages marked, consigned, and described as below (contents and value otherwise unknown), for transportation by the Michigan Central Railroad Company to destination, if upon said company's line of railroad,—otherwise, to the place where said property is to be received by the connecting carrier,—upon the terms and conditions on the back hereof, which are a part of this contract. Marked and consigned: J. O. Carpenter & Co., 59 John Street, New York, N. Y. Description of articles: Two cars lumber. Said to weigh 11,421 and 10,835. B. Line. (Lighterage free.) Pay duty and ch'd ford.

"J. G. BRODIE, Agent."

Among the terms and conditions upon the back of the bill of lading was the following provision:

"This company does not undertake to carry said property by any particular train, or in any time for any particular market, but only with such reasonable dispatch as its general business will permit, and, in forwarding said property from the point where it leaves its road, is to be held as a forwarder only."

The lumber was carried by the Michigan Central Railroad to its terminus at or near Buffalo, where it was turned over to the New York Central Railroad, which latter road carried the cars to New York city. There they were tendered to the consignees, who refused to accept them. Plaintiff then went to New York, and demanded the lumber of the New York Central Railroad, which company refused to deliver it without the surrender of the original bill of lading. Subsequently, the original bill of

lading having been lost, plaintiff obtained a duplicate bill of lading, and again demanded the lumber from the New York Central Railroad Company, which demand was refused for some reason not appearing upon the record.

Plaintiff declares upon a contract to transport the lumber to New York, and testifies as follows:

"In the year 1885 I did some business with the Michigan Central Railroad Company, shipping lumber. I made a contract at Buffalo with W. H. Perry, general eastern freight agent of the Michigan Central Railroad, by which I was to receive a through rate on lumber from Essex Center to New York city of 23½ cents per 100 lbs., including lighterage limits; that is, if I wished to send it to Brooklyn, Jersey City, Staten Island, or Long Island, it would not cost any more than 23½ cents per 100 lbs. I had been shipping lumber from the same locality since 1874, over the Michigan Central Railroad, and had become personally acquainted with Mr. Perry, and had done business with him as general eastern freight agent. I went to him for the express purpose of making this contract to ship this lumber to New York. It was 11,784 feet of hickory, oak, and ash, for wagon stock, and I delivered it to the Michigan Central Railroad at Essex Center, consigned to J. O. Carpenter & Company, No. 59 John St., New York."

It is apparent from the proofs that plaintiff knew that the defendant would carry only over its own road, and that some other road would carry the lumber to its destination. The mere fact that defendant had given a through rate for freight would not, in view of the terms expressed upon which it received the lumber, make defendant liable as a carrier beyond its own line. The plaintiff has failed to show any express undertaking to carry the goods beyond its own line. *Detroit & Bay City Ry. Co. v. McKenzie*, 43 Mich. 609; *Rickerson Roller Mill Co. v. Railroad Co.*, 67 Id. 110.

The judgment is therefore affirmed.

The other Justices concurred.