SMITH *v.* AMERICAN EXPRESS CO.

1. CARRIERS—LIMITATION OF LIABILITY BY CONTRACT.

A common carrier may limit its strict common-law liability, by express agreement, in such manner as the law can recognize as reasonable, and not inconsistent with sound public policy.

2. SAME—BILL OF LADING.

The receipt or bill of lading issued by a common carrier to a consignor, and received by him without objection, and with-

out any insistence upon the common-law liability of the car-
rier, is a contract between the parties, and fixes their liabil-
ities and rights.

3. SAME—NEGLIGENCE OF EMPLOYÉS.

Such contract is not to be construed as in any way limiting the
carrier's liability for loss or damage due to the neglect or de-
fault of its employés.

4. SAME—LOSS BEYOND LINE OF CARRIER.

A carrier is not liable for loss or injury to property after
delivery to a succeeding carrier, where the contract expressly
limits its liability to its own line.

5. SAME—LOSS BY FIRE.

A carrier may by contract exempt itself from liability for
loss by fire not caused by its own negligence.

6. SAME—NEGLIGENCE—BURDEN OF PROOF.

Where suit is brought upon the negligence of a carrier,
such negligence must be proved by the party asserting it.

7. SAME—LIMITATION AS TO AMOUNT OF LIABILITY.

The receipt given by an express company for a package
delivered to it for transportation provided that the company
should not, in any event, be held liable beyond the sum of
$50, unless the just and true value of the property was stated
in the receipt. This was not done, nor was the value dis-
closed by the consignor to the company. *Held,* that the lim-
itation was reasonable, and, in case of loss, fixed the limit of
any recovery by the consignor.

Error to Wayne; Lillibridge, J.    Submitted January
28, 1896.    Decided March 11, 1896.

Case by Howard D. Smith against the American Ex-
press Company for the loss of a parcel intrusted to de-
fendant for delivery.    From a judgment for defendant
on verdict directed by the court, plaintiff brings error.
Affirmed.

The defendant, a common carrier, on September 19,
1892, at its Detroit office, received from plaintiff a sealed
package for carriage, marked, "H. D. Smith, Washing-
ton, D. C.," receiving for such carriage 25 cents, and
delivering to the plaintiff a receipt or bill of lading,
which reads as follows:

"READ THE CONDITIONS OF THIS RECEIPT.

"The rates charged by this company for the carriage of small packages of merchandise and printed matter have been greatly reduced. Further particulars will be given upon application to agents of the company.

"AMERICAN EXPRESS COMPANY.

. "DETROIT, MICH., Sep. 19, 1892.
"Received of H. D. Smith, P., said to contain _____ valued at, not given, dollars. Marked Pd. 25.
"H. D. SMITH,
"Washington, D. C.

—"Which we undertake to forward to the nearest point of destination reached by this company, subject expressly to the following conditions, namely: This company is not to be held liable for any loss or damage, except as forwarders only, nor for any loss or damage by fire, by the dangers of navigation, by the act of God, or of the enemies of the government, the restraints of government, mobs, riots, insurrections, pirates, or from or by reason of any of the hazards or dangers incident to a state of war. Nor shall this company be liable for any default or negligence of any person, corporation, or association to whom the above-described property shall or may be delivered by this company, for the performance of any act or duty in respect thereto, at any place or point off the established routes or lines run by this company; and any such person, corporation, or association is not to be regarded, deemed, or taken to be the agent of this company for any such purpose, but, on the contrary, such person, corporation, or association shall be deemed and taken to be the agent of the person, corporation, or association from whom this company received the property above described. It being understood that this company relies upon the various railroad and steamboat lines of the country for its means of forwarding property delivered to it to be forwarded, it is agreed that it shall not be liable for any damage to said property caused by the detention of any train of cars or of any steamboat upon which said property shall be placed for transportation, nor by the neglect or refusal of any railroad company or steamboat to receive and forward the said property.

"It is further agreed that this company is not to be held liable or responsible for any loss of or damage to said

property, or any part thereof, from any cause whatever, unless in every case the said loss or damage be proved to have occurred from the fraud or gross negligence of said company or their servants. Nor in any event shall .this company be held liable or responsible, nor shall any demand be made upon them, beyond the sum of fifty dollars, at which sum said property is hereby valued, unless the just and true value thereof is stated herein; nor upon any property or thing, unless properly packed and secured for transportation; nor upon any fragile fabrics, unless so marked upon the package containing the same; nor upon any fabrics consisting of or contained in glass. If any sum of money besides the charges for transportation is to be collected from the consignee on delivery of the above-described property, and the same is not paid within thirty days from the date hereof, the shipper agrees that this company may return said property to him, at the expiration of that time, subject to the conditions of this receipt, and that he will pay the charges for transportation both ways, and that the liability of this company for such property while in its possession for the purpose of making such collection shall be that of warehousemen only. In no event shall this company be liable for any loss or damage unless the claim thereof shall be presented to them in writing, at this office, within 90 days after this date, in a statement to which this receipt shall be annexed. And it is also understood that the stipulations contained herein shall extend to and inure to the benefit of each and every company or person to whom, through this company, the above-described property may be intrusted or delivered for transportation. Deliveries at all points reached by this company are only to be made within the delivery limits established by this company at such points at the time of shipment, and prepayment in such cases shall only cover places within such delivery limits. The party accepting this receipt hereby agrees to the conditions herein contained.

"For the Company:                    STONE, Agent."

There was printed across the face of the receipt "Not negotiable." Nothing appeared on the outside of the package to indicate its contents or value. Plaintiff's agent presented it, paid the charges, took the receipt, and went away, without making any statement of its value. In shipping goods from Detroit to Washington, Toledo,

Ohio, was the nearest point of defendant's line, and to which it was accustomed to carry and deliver packages to the succeeding carrier. The package was carried safely and delivered in good condition by defendant, September 20th, to the Adams Express Company, the continuing carrier from Toledo to Washington. On that night a collision occurred between two trains of the railroad, upon one of which was the package in question, in charge of the express messenger of the Adams Express Company. A fire resulted, which destroyed the express car and plaintiff's package. There is no testimony upon the record tending to show the cause of the accident, or to establish any negligence on the part of the railroad company. The sole evidence is that the accident occurred. The package contained 23 railroad tickets from Memphis to Niagara Falls and return. They had been used by passengers from Memphis to the falls, and, upon their face, were nontransferable. The court directed a verdict for the defendant.

*Washington I. Robinson*, for appellant.

*Wisner & Harvey*, for appellee.

GRANT, J. (*after stating the facts*). The defendant's positions are summarized as follows:

(1) The receipt or bill of lading is the contract for the carriage of the package in question.

(2) It is not to be construed as limiting the defendant's liability in any way for loss or damage due to neglect or default of its employés.

(3) By the safe carriage and delivery of the package to the Adams Express Company, defendant fully performed its duty under said contract.

(4) No negligence is shown on the part of any one from which the loss resulted.

(5) Plaintiff's recovery is limited to $50, the limit specified in the contract where the just and true value is not stated.

1. The second point is beyond discussion. It is con-

ceded to be the law, and the rule is established by an overwhelming weight of authority. Citation of authorities is therefore unnecessary. In connection with this, we note the other well-established rule, that "a common carrier may limit his strict common-law liability, by express agreement, in such manner as the law can recognize as reasonable, and not inconsistent with sound public policy."

2. It has long been the established rule in this State that the receipt or bill of lading issued by a common carrier to a consignor, and received by him without objection, and without any insistence upon the common-law liability of the carrier, is a contract between the parties, and fixes their liabilities and rights. *McMillan* v. *Railroad Co.*, 16 Mich. 80. That is also the rule in other courts. *Southern Express Co.* v. *Caldwell*, 21 Wall. 264; *Belger* v. *Dinsmore*, 51 N. Y. 166 (10 Am. Rep. 575); *Hill* v. *Railroad Co.*, 73 N. Y. 351 (29 Am. Rep. 163); *York Co.* v. *Central R.*, 3 Wall. 107; *Pacific Express Co.* v. *Foley*, 46 Kan. 457; *Ballou* v. *Earle*, 17 R. I. 441. Without quoting it here, I call special attention to 16 Mich., pp. 113, 114, in *McMillan* v. *Railroad Co.*, where the law is expounded by that learned jurist, Justice COOLEY. In that case the plaintiffs had not read the bill of lading, and did not know its contents, although they had been accustomed to ship goods over the same road under similar bills. In this case both the plaintiff and his agent, who delivered the package for shipment and took the receipt, testified that they had frequently, for years, shipped packages by the defendant, and received similar receipts. Both were witnesses, and neither testified that he did not know what the receipt contained. The receipt expressly limited defendant's liability to its own line. It had fully performed its duty to the plaintiff when it had safely conveyed and delivered the package to the succeeding carrier. *McMillan* v. *Railroad Co.*, *supra; Detroit & Bay City*

R. Co. v. McKenzie, 43 Mich. 609; Rickerson Roller-Mill Co. v. Grand Rapids & I. R. Co., 67 Mich. 110; Pratt v. Railway Co., 95 U. S. 43; Black v. Ashley, 80 Mich. 90; Coles v. Railroad Co., 41 Ill. App. 607.

The contract also exempted the defendant from liability for loss by fire. Such exemption is reasonable, and not against public policy, where the fire was not caused by the negligence of the defendant. Adams Express Co. v. Sharpless, 77 Pa. St. 516. The defendant itself was not negligent. The accident which caused the fire happened on the line of the succeeding carrier, which was the plaintiff's, and not the defendant's, agent. Furthermore, there is entire absence of any evidence to show that the accident was the result of any negligence. Mere proof of an accident is not sufficient to establish negligence. Where suit is brought upon the negligence of the carrier, that negligence must be proven by the parties asserting it. Marquette, etc., R. Co. v. Kirkwood, 45 Mich. 56.

3. If the plaintiff could recover at all, his recovery would be limited, under the contract, to $50. Had the value of the property been disclosed to the defendant, it would have made a greater charge for carriage. The limitation is reasonable. There was nothing to indicate its value. It was shipped at the lowest rate. Plaintiff does not pretend that he was ignorant of this condition. It was therefore his clear duty to disclose the value, and to pay accordingly. It would be unreasonable to say that one could ship a package containing diamonds of the value of $10,000 under that agreement, and recover full value in case of loss. No man of common sense and prudence would ship property of so great value without informing the carrier of its contents and their value. Belger v. Dinsmore, supra; Muser v. Express Co., 1 Fed. 382; Pacific Express Co. v. Foley, supra; Ballou v. Earle, supra.

We consider it unnecessary to discuss the other point raised.

The judgment is affirmed.

The other Justices concurred.