| 111 | 209 |
| 142 | 315 |

## HOPE *v.* DELAWARE & HUDSON CANAL CO.

CARRIERS—LIABILITY FOR NEGLIGENCE.

> Defendant received goods for shipment under a contract providing that it should not be liable for loss or injury, or for delay in delivery, by any other carrier after the delivery of the goods to it by the defendant. The goods were properly delivered to a connecting carrier. Thereafter a new waybill was made out, from which were omitted the instructions to notify certain persons, at the place of destination, which had appeared upon the bill of lading. The consignee, by reason of the error, could not be located, and the goods were placed in storage, from which the persons mentioned, for whom the consignment was in fact intended, after locating the goods, refused to remove them unless the storage charges were paid. The goods were finally sold for such charges. *Held*, that the defendant was not liable.

Error to Wayne; Frazer, J. Submitted November 10, 1896. Decided December 18, 1896.

*Assumpsit* by Mark F. Hope and another against the Delaware & Hudson Canal Company for the alleged breach of a contract of carriage. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

One James Cavanagh was the owner of 96 bales of woolen rags, deposited with the defendant company at Plattsburg, N. Y. He sold them to the plaintiffs, who were engaged in business at Detroit, Mich. The defendant was the original shipper. It gave a bill of lading to Cavanagh, on the face of which was written: "To order of James Cavanagh, Detroit, Mich. Notify M. F. Hope & Co." It contained the agreement that the defendant—

"Should not be held liable for the loss of the property, or for any damage or injury to it, or for any delay in the

111 MICH.—14.

delivery thereof, by any other carrier, cartman, or freight-man, whether such loss, damage, or delay resulted from the carelessness or negligence of said company, its agents or servants, after the same had been delivered at the company's warehouse in accordance with said directions, or after delivery to the connecting carrier."

The goods were shipped in two cars, September 26, 1892. The two cars were transported by the defendant in the same train, and delivered to the Delaware, Lackawanna & Western Railway Company, the connecting carrier, and by this carrier were conveyed to Buffalo, N. Y., where in some way the two cars were separated, one being shipped over the Grand Trunk Railway, and the other over the Lake Shore & Michigan Southern Railway. The bill of lading, with draft attached for purchase price, was forwarded by Cavanagh to a bank in Detroit. In the forepart of October plaintiffs called up the Grand Trunk Railway by telephone, and informed the freight agent that they expected this merchandise from Plattsburg. When the first car came, plaintiffs were notified. Plaintiffs then paid the draft, received the bill of lading, delivered it to the Grand Trunk Railway Company, and received the merchandise. About the same time the other car-load was received by the Lake Shore & Michigan Southern Railway Company. The waybill contained no instructions to notify plaintiffs. This bill was dated October 4th, and shows that the car was received by the Lake Shore & Michigan Southern Railway Company from the Delaware, Lackawanna & Western Railway Company at Buffalo. This waybill was made out at Buffalo. The Lake Shore & Michigan Southern Railway Company notified the consignee, James Cavanagh, by mail, of the arrival of the goods, but did not find any such party, and after some days turned the goods over to the Moreton Storage Company for keeping. October 29th they received notice to notify plaintiffs. This was done, whereupon plaintiffs went to the Lake Shore & Michigan Southern Railway Company, and informed its agent that they were willing to take the goods if the company would pay the storage.

The agent of this company declined to deliver the goods without the bill of lading. The agent of the Grand Trunk Railway Company refused to surrender the bill of lading. The freight departments of the two roads were only two blocks apart. Plaintiffs did not apply to the storage company for the goods, nor tender the amount of freight and storage charges. The goods remained with the storage company for 25 months, when they were sold for the charges against them. Plaintiffs' suit is planted upon the alleged negligence of the defendant in the transportation of the goods. The original declaration charges the negligence to be in "improperly marking the cars containing said woolen rags, and in improperly billing the same." Upon the trial plaintiffs were permitted to amend by adding the words, "And not then and there inserting the words, 'Notify M. F. Hope & Co.'" The court directed a verdict for the defendant.

*Haug & Yerkes* (*Alfred Lucking*, of counsel), for appellants.

*F. E. Rankin* and *Geer & Williams*, for appellee.

GRANT, J. (*after stating the facts*). The instruction was correct. Plaintiffs failed to show any negligence on the part of the defendant, or any violation of the contract of carriage. There is no showing that Mr. Cavanagh instructed the defendant to ship by any particular route. It therefore fully performed its contract by shipping the goods in the usual manner. It was not, therefore, its fault that the cars were separated at Buffalo. There is no showing that the waybill of the Lake Shore & Michigan Southern Railway Company was made by the defendant, or under its instruction. If there were directions to place upon the waybill, "Notify M. F. Hope & Co.," there is no testimony that this was not upon the waybill made out by the defendant over its own road. What testimony there is upon the point indicates that it was there, and that the omission occurred at Buffalo. The

agent of the Lake Shore & Michigan Southern Railway Company—a witness for plaintiffs—testified that he got notice from Buffalo to notify plaintiffs. Each carrier made out its own waybill, and the defendant cannot be held liable under its contract with Cavanagh for any failure on the part of any succeeding carrier to make out a proper one. If, however, there were such testimony, this would not render the defendant liable for the value of the goods. There was a delay of three weeks after their arrival in notifying the plaintiffs. In any event, the defendant could be liable only for the damages caused by this delay, which plaintiffs claim was $14,—the storage charges. The reply to this claim is that plaintiffs have not paid it, and have made no such claim in their declaration. It is clear that the defendant is not responsible for what occurred after the arrival of the goods at their destination and notice thereof to plaintiffs. Somebody's stupidity or unjustifiable conduct is responsible, but whether it be the fault of plaintiffs, or of either or both of the railway companies, we need not determine. It is only essential for the determination of this suit to say that no blame rests upon defendant.

Judgment affirmed.

LONG, C. J., MONTGOMERY and HOOKER, JJ., concurred. MOORE, J., did not sit.