ALDRICH CAR-SEAL MANUFACTURING CO. *v.* AMERICAN
EXPRESS CO.[1]

EXPRESS COMPANIES—DELIVERY OF PACKAGE.

> Plaintiff, desiring to submit bids with samples to the United
> States government, expressed them to "Hon. J. G. Carlisle,
> Secretary United States Treas. Dept.," indicating in the mar-
> gin of the express package what it contained.  The express
> company caused the package to be delivered at the treasury,
> at the place where express packages so directed are custom-
> arily delivered if there are no contrary instructions, within
> the time agreed upon, half an hour before the time that the
> bids were to be opened, but for some reason the package did
> not reach the secretary personally, or the department of the
> treasury where bids are received, until one hour too late to
> have consideration.  *Held,* that the express company made a
> proper delivery of the package in due time, and was not liable
> for the subsequent delay.

Error to Wayne; Hosmer, J.    Submitted April 19,
1898.    Decided May 10, 1898.

Case by the Aldrich Car-Seal Manufacturing Company
against the American Express Company for an alleged
failure to deliver a package at an agreed time.  From a
judgment for defendant on verdict directed by the court,
plaintiff brings error.    Affirmed.

Plaintiff brings suit for damages for alleged failure to
deliver a package at the United States treasury depart-
ment, Washington, D. C., before 2 o'clock p. m., July 1,
1896.  The facts in this case are not in dispute.  The fol-
lowing statement is taken substantially from the brief of
the defendant:  The plaintiff, desiring to submit bids for
furnishing car seals to the United States government,
inclosed its bid, with samples of the seals, in a box ad-

---

[1] Rehearing denied June 28, 1898.

dressed, "Hon. J. G. Carlisle, Secretary United States Treas. Dept., Washington, D. C." On the right-hand upper corner was written, "From the Aldrich Car-Seal Manufacturing Co., Detroit, Mich.;" and on the left-hand lower corner, "Proposals for devices for cording and sealing packages, and for sealing cars and vessels." On the morning of June 29, 1896, its manager took the box to the express office, and, going to the department where miscellaneous packages are received, handed it to the clerk; telling him that it must be in the treasury department before 2 p. m., July 1st. The clerk informed him that it would be delivered on the first delivery on the morning of July 1st. The clerk was about to write a receipt, when the manager informed him that he wanted the package sealed. The clerk then told him to take it over to the money-order department. The manager then took the package over to the money-order side, and said to the clerk in charge of that department, "I want to send that package to Washington." No further conversation was had with the clerk in the money-order department. The clerk then wrote the usual receipt, and the manager paid him 25 cents charges for carrying the package. The package left Detroit the same day, at 1:20 p. m., on the first train, and arrived at Columbus, Ohio, about 9:15 p. m. that evening. The next morning, at 7 o'clock, it was transferred to the Adams Express Company, at Columbus. The package was forwarded from Columbus on the first train that the Adams Company did business on. The nearest point to destination reached by the defendant was Columbus, Ohio. The package arrived at Washington July 1st. It was delivered at Washington by the Adams Express Company's driver July 1st, at 1:25 p. m., to C. E. Vickery, at his office, the storeroom of the treasury department, and his receipt was taken therefor. At this time Mr. Vickery "was employed in the department of the secretary of the United States treasury as the storekeeper in charge of the storekeeper's department." He

had "charge of all the store supplies in the treasury department," and had been so employed since the administration of Secretary Carlisle. The court directed a verdict for the defendant, upon the ground that the package was delivered within the time agreed upon.

*Henry M. Cheever* and *Alfred Russell*, for appellant.

*Wisner & Harvey*, for appellee.

Grant, C. J. (*after stating the facts*). The receipt in this case is identical, except in the names and address, with that found in *Smith* v. *American Express Co.*, 108 Mich. 572. The defenses were: (1) That the package was delivered in time; and (2) that the defendant had complied with its contract, by delivering the same in the regular course of business to the connecting carrier, the Adams Express Company. There was no request or direction on the part of the plaintiff to deliver the package directly to the secretary of the treasury, or to any one of its numerous departments. It is conclusively proven that it was delivered at the treasury department, at the customary place for such packages to be delivered, in the absence of express directions to the contrary, three-quarters of an hour before the time that the bids were to be opened and examined. If there was fault anywhere, it was attributable to the treasury department, at Washington, and not to the express companies who agreed to transport and deliver it. The agent of the Adams Express Company, who delivered it, swore positively to its delivery at 1 : 25 p. m., July 1st, and that he minuted upon the proper book at that time the date of such delivery. This book was identified and received in evidence. Two witnesses, employed in important positions in that department of the treasury where these bids would be received, testified that they were not received in that department till 3 : 07 p. m. This testimony is not in conflict with that of the agent of the express company who delivered the package. That company had discharged its full duty in delivering the package at the

usual place in the treasury department.  It did not agree or assume to deliver it to the appointment division, which had charge of these contracts. and bids, or to the secretary in person.  Plaintiff gave no such direction to defendant, and did not inform it that there was any particular person or department to whom, or to which, the package was to be delivered.  The court properly directed a verdict for the defendant.

Judgment affirmed.

The other Justices concurred.