KIBBY v. MICHIGAN CENTRAL RAILROAD CO.

1. CARRIERS—INJURIES TO FREIGHT—CONNECTING ROADS—LIMITA-
TION OF LIABILITY.

A carrier may stipulate for immunity from responsibility for
damages resulting on connecting roads after his discharge of
his full duty of delivering them to another road.

2. SAME—FAILURE TO FURNISH SUITABLE CAR—LIABILITY.

A shipping order for a car of potatoes, in which it is stipulated
that no carrier shall be liable for loss or damage not occur-
ring on its own road or its portion of the through route, will
not absolve the initial carrier from liability for injury to the
potatoes by rain coming through the leaky roof of the car
after transfer to a connecting carrier, since it was bound to
furnish a suitable car for the entire trip and deliver car and
cargo to the connecting line in good condition.

Error to Ingham; Wiest, J. Submitted November 17,
1905. (Docket No. 218.) Decided December 15, 1905.

Assumpsit by Myron T. Kibby against the Michigan
Central Railroad Company for breach of a contract to
transport certain potatoes. There was judgment for plain-
tiff, and defendant brings error. Affirmed.

*Clarence D. Clark*, for appellant.

*Thomas, Cummins & Nichols*, for appellee.

HOOKER, J. On November 4, 1902, the plaintiff shipped
from Lansing, Michigan, to the State' of Georgia, a car
load of potatoes, in a car furnished by defendant for the
trip. It was agreed that plaintiff should go in the car to
keep fire, if necessary, to prevent the potatoes from freez-
ing. It was stipulated that the car should be sent to Jack-
son, over defendant's road, and it was to be forwarded
from there over connecting roads agreed upon. A ship-
ping order was signed by plaintiff, which by its terms
provided:

"It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions, whether printed or written, herein contained, both on the face and the back hereof, and which are hereby agreed to by the shipper and by him accepted for himself and his assigns as just and reasonable."

The following were among the conditions referred to:

"1. No carrier or party in possession of all or any of the property herein described shall be liable for any loss thereof or damage thereto by causes beyond its control; or by floods or by fire from any cause or wheresoever occurring; or by riots, strikes, or stoppage of labor; or by leakage, breakage, chafing, loss in weight, changes in weather, heat, frost, wet or decay; or from any cause if it be necessary or is usual to carry such property upon open cars.   *   *   *

"3. No carrier shall be liable for loss or damage not occurring on its own road or its portion of the through route, nor after said property is ready for delivery to the next carrier or to consignee."

At Jackson the car was transferred to a train upon the Cincinnati Northern Railroad, and while in transit to Cincinnati the rain ran through the roof of the car, which was old and leaky, wetting the potatoes and causing them to heat and decay, so that the plaintiff lost about half of them.

This action was brought to recover damages for the value of the potatoes that were lost, expenses incurred in assorting and saving them, and a proportionate amount of the freight which the plaintiff was compelled to pay when the car reached its destination. The defendant has appealed from a judgment for plaintiff of $237.87.

The single question argued by defendant's brief is that the conditions quoted limit its liability to damages sustained while the potatoes were being transported over its road, for the reason that plaintiff has so contracted. It is raised by the refusal of the court to so instruct the jury

to render a verdict for the defendant.   We have repeatedly held that a carrier may stipulate for immunity from responsibility for damages resulting upon connecting roads after his discharge of his full duty of delivering them to another road.   See the following cases cited by the defendant:   *Black* v. *Ashley*, 80 Mich. 90; *Smith* v. *Express Co.*, 108 Mich. 572; *McEacheran* v. *Railroad Co.*, 101 Mich. 264; *Hope* v. *Canal Co.*, 111 Mich. 209.

These cases do not militate against the plaintiff's claim. The contract for defendant made it obligatory to furnish a suitable car for the entire trip, and deliver the car and cargo to the connecting line in good condition.   It did not fully perform its duty of delivering to the connecting carrier the potatoes in a suitable car adapted to their transportation.   This was a breach of their contract and they were liable for the consequences.   See *Searles* v. *Railway Co.*, 69 Miss. 186; *Alabama, etc., R. Co.* v. *Searles*, 71 Miss. 744; *Shea* v. *Railway Co.*, 66 Minn. 102; *Norfolk, etc., R. Co.* v. *Harman*, 91 Va. 601 (44 L. R. A. 289); *Norfolk, etc., R. Co.* v. *Sutherland*, 89 Va. 703; *Fox* v. *Railroad Co.*, 148 Mass. 220; *International, etc., R. Co.* v. *Anderson*, 3 Tex. Civ. App. 8.

The judgment is affirmed.

MOORE, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.