### D'ARCY *v.* ADAMS EXPRESS CO.

CARRIERS—NEGLIGENCE—LIMITATION OF LIABILITY.

> A shipper who delivers to a carrier goods worth more than $50, and fills out a receipt in which is a clause providing that the rate of charge shall be fixed by the valuation stated, which is agreed to be $50 unless a larger sum shall be declared, may recover only $50 for the loss of the goods where he neglects to declare the value.

Error to Kalamazoo; Knappen, J. Submitted June 22, 1910. (Docket No. 120.) Decided July 14, 1910.

Case by Frank P. D'Arcy against the Adams Express Company for the loss of a parcel intrusted to defendant for delivery. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed.

*Harry C. Howard,* for appellant.

*Alfred J. Mills,* for appellee.

BLAIR, J. This case was tried by the court without a jury and the court made the following findings of fact and of law:

"On July 27, 1906, the plaintiff, a jeweler and manufacturer at the city of Kalamazoo, shipped by the defendant express company a small package addressed to 'David Ullman & Co., New York City,' containing a quantity of valuable opals. Upon the package was the plaintiff's address, as well as the address of the consignee and also the word 'Opals.' The plaintiff had been in the habit of shipping articles and merchandise by the defendant express company, and defendant had furnished him with a book of receipts to facilitate such shipments. The plaintiff himself filled out the receipt covering the shipment in question in this case and a copy of the same is attached to these findings. The plaintiff delivered the package in question to one of the defendant's drivers, who called at his store for the same and signed the receipt. Plaintiff testified that he thought, but was not positive, that he informed the driver that the package contained opals. The charges were not paid in advance by plaintiff, but were to be collected of the consignee upon delivery. The defendant lost the package in shipment and same was never delivered to the consignee. The plaintiff on or about November 15, 1906, made a claim as against the defendant for the value of the opals, but defendant denied its liability, except in the amount of fifty dollars ($50), and some time in March, 1907, and before the commencement of this suit, made a tender to plaintiff of fifty dollars ($50) in full of its liability in the matter, which plaintiff declined to accept. The package contained 33 opals of 2 karats in size; 44, 1½ karats in size, and 54, 1 karat in size. I find from the testimony that these opals were fairly worth two dollars ($2) per karat at the city of Kalamazoo at the date of said shipment, and as a whole, the sum of three hundred and seventy-two dollars ($372).

"Findings of Law.

"Under the facts, as above found, the plaintiff is entitled to recover the full amount of his loss, and is not limited to the amount of fifty dollars ($50). The opals were received by the defendant with notice and knowledge that the package contained valuable opals. The defendant made no inquiry as to their special value, and the

limit of liability expressed in the receipt was waived. * * * The plaintiff is entitled to a judgment as against the defendant for the sum of three hundred and seventy-two dollars ($372) the fair market value of the opals at the date of shipment, with interest at five (5) per cent. per annum from that date, namely, fifty-one and 51–100 ($51.51) dollars. Judgment will be entered in favor of the plaintiff and against the defendant for the sum of four hundred and twenty-four ($424) dollars, with costs of suit to be taxed."

A portion of the copy of the receipt attached to the findings of fact is as follows:

### " (COPY OF RECEIPT.)

"The Company's Charge is Based upon the Value of the Property, which must be Declared by the Shipper.

### "ADAMS EXPRESS COMPANY

" [NOT NEGOTIABLE.]

"Received from F. P. D'Arcy the following articles, subject to the Contract printed below.

| DATE | ARTICLE | VALUE | CONSIGNEE | DESTINATION | REC'D FOR THE COMPANY |
|------|---------|-------|-----------|-------------|------------------------|
| 7/27 | 1 Pack opals. | | David Ullman & Co. | N. Y. | Huelser |

"1. In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars unless a greater value is declared, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein, and that the company shall not be liable in any event for more than the value so stated, nor for more than fifty dollars if no value is stated herein."

By the terms of the receipt filled out by plaintiff, the duty of fixing a valuation upon the package of opals was imposed upon plaintiff. He did not discharge this duty, and was, therefore, bound by his agreement that the company should not be liable for more than $50. *Smith* v. *Express Co.*, 108 Mich. 572 (66 N. W. 479).

The judgment is reversed, and a new trial granted.

BIRD, C. J., and OSTRANDER, HOOKER, and STONE, JJ., concurred.